MARY A. MOWERY v. THE CITY OF CAMDEN.

1. A complaint, designed to form the basis on which to try and convict a person for an offence, must aver the facts which constitute guilt, not merely the complainant's suspicion or belief as to the facts.

2. Such a complaint must aver the facts which constitute guilt of a specific offence, not merely facts that show the accused to be guilty of one or the other of two distinct offences, but leave it uncertain which of the two is charged.

3. When a special tribunal is proceeding summarily in a matter over which it has not legally acquired jurisdiction, it is within the discretion of this court to allow a *certiorari* to review its action, before the final determination of the matter.

---

On *certiorari*.

Argued at June Term, 1886, before Justices DIXON and REED.

For the plaintiff in *certiorari*, *M. B. Taylor*.

For defendant in *certiorari*, *J. W. Morgan*.

The opinion of the court was delivered by

DIXON, J.    This *certiorari* brings up proceedings before an alderman of the city of Camden, designed to punish the prosecutrix for violation of a city ordinance, passed June 12th, 1884, in regard to the sale of liquor.

The ordinance (section 18) authorizes any person to be proceeded against before an alderman, upon proof being made by affidavit of the violation of any of its provisions; whereupon the alderman is by his warrant to require the person accused to be brought before him, and is to hear and determine, in a summary way, the guilt or innocence of the person so charged.    One of the provisions of the ordinance (section 10) is that whosoever shall sell any spirituous, vinous. or malt liquors in less quantity than a quart, without having first obtained a license therefor, shall be punished by a fine of $50, or, in default of payment, by ten days' imprisonment.    Another provision (section 12) is that if any person licensed under the ordinance shall sell to a minor any spirituous, vinous or malt liquor, he shall pay a fine of $100, or, in default of payment, be imprisoned ten days.

In the present case the affidavit filed with the alderman was as follows:  " Camden city and county, *ss.*—John Wood, upon his oath complains that he has good reason to believe, and does verily believe, that on March 10th, 1885, at said city, one Mary Mowery did knowingly and unlawfully sell and offer for sale spirituous, vinous and malt liquors, to wit, one gill of brandy, to one James Thomas, a minor under the age of twenty-one years, contrary to and in violation of" the before-mentioned ordinance.    On this affidavit, the magistrate issued his warrant, the prosecutrix was arrested and a day

was set for her trial; thereupon she obtained this *certiorari.*

Under our prior adjudications it is plain that this affidavit furnished no legal support to the proceedings of the magistrate. The ordinance requires, as preliminary to a warrant, proof by affidavit of some violation of its provisions; while the affidavit tendered proof only of the affiant's belief and his opinion of its reasonableness. This was fatally insufficient, since the affidavit was to constitute a charge whereon to base a conviction. *Roberson* v. *Lambertville,* 9 *Vroom* 69. Moreover, if the affidavit was designed to formulate a complaint for violating the tenth section of the ordinance, it should have averred that the accused had sold without having first obtained a license to sell (*Greely* v. *Passaic,* 13 *Vroom* 87; *Fleming* v. *New Brunswick,* 18 *Vroom* 231); while, if a violation of the twelfth section was in view, an averment that she had been licensed under the provisions of the ordinance was requisite, according to the words of the section. It must indeed be admitted that if the matters believed by the affiant were true, the person charged was guilty of an offence, for the sale of a gill of brandy to a minor in the city of Camden was a prohibited act; but it is not enough for a criminal complaint to aver mere guiltiness in the accused; it must allege a specific offence, so that the accused may know how to prepare his defence, if he have any, and so that the court may be able to render the legal judgment on conviction. This charge would answer neither purpose. If the accused was to be tried for violating the tenth section, proof by her of the majority of the vendee would be of no avail, but proof of a license would be a complete defence; if she was to be tried under the twelfth section, then proof by her of a license would be of no avail, but proof of the majority of the vendee would be a complete defence. If the accused had come before the alderman and confessed the truth of the affiant's belief, the magistrate could not have judicially decided whether to impose the fine of $50 under the tenth section or the fine of $100 under the twelfth section. If she was licensed, the latter penalty was the legal punishment; if she was unlicensed, the former penalty was

Mowery v. Camden.

prescribed; but whether she was licensed or not, neither the charge nor her confession would indicate. Such a complaint was fatally defective.

The insufficiency of the complaint being thus manifest, the defendant nevertheless contends that the *certiorari* was premature, because allowed before conviction, and for that reason should now be dismissed.

The rule on this subject is stated by Chief Justice Hornblower, in *Hinchman* v. *Cook, Spenc.* 271, to be that "a *certiorari*, at the common law, goes to special and summary tribunals, and brings up the whole or any part of their proceedings, according to the command and exigency of the writ; and such writ may be issued before the inferior jurisdiction has consummated its authority. But a writ of error, or a *certiorari* substituted by statute for that writ, cannot go for part only of the record, nor before final judgment." The same rule was enunciated by the Court of Errors in *Hoxsey* v. *Paterson*, 10 *Vroom* 489, and is therefore settled. The theory adopted in this state, as I understand it, is that when a *certiorari* is used as a statutory substitute for a writ of error, it cannot legally issue until after final judgment below; when the object is to remove a cause to be continued in this court, a *certiorari* in criminal matters, and a *habeas corpus cum causa* in civil matters, is the appropriate writ, although sometimes in the latter class *certiorari* has been used. *Chandler* v. *Monmouth Bank*, 4 *Halst.* 101. When the purpose is to review the proceedings of a special tribunal, on complaint of irregular procedure in matters legally brought within its jurisdiction, a *certiorari* may legally issue before final decision, but ordinarily should not be allowed until then, for haply the tribunal may correct its own error in time; when the design is to reverse proceedings of special tribunals in matters not legally brought within their jurisdiction, then the writ of *certiorari* may legally, and ordinarily should, be allowed when asked for, either before or after final decision, because each step in such proceedings is an unlawful vexation of the party prosecuted, against which this writ is his sole protection. The discretion

of this court in the allowance and dismissal of the writ, and now also with regard to costs on final judgment, affords an adequate safeguard against any abuse.

Under the rule laid down in Hinchman v. Cook and Hoxsey v. Paterson (*ubi supra*), the legality of the issuance of the present writ is clear. It was allowed, not as a statutory writ of error, but by the common law power of the court, to inquire into the acts of a special and summary tribunal, which was proceeding against the prosecutrix upon a complaint that gave it and could give it no legal authority to proceed. In a proper sense it may be said that the magistrate had not acquired legal jurisdiction over the cause; the case was only colorably, not really, under his jurisdiction. In view of the fact that the proceedings, if carried on to a conviction, threatened an immediate and unlawful imprisonment of the prosecutrix, for which, however, the law, according to *Grove* v. *Van Duyne*, 15 *Vroom* 654, would give her no redress, I do not think discretion was improvidently exercised in allowing the writ at the threshold. Certainly no useful result can be attained by now dismissing it.

The proceedings below should be reversed, but since no application was made to the magistrate to dismiss the complaint before suing out this writ, no costs will be awarded.