JOHN D. FOLEY, RESPONDENT, v. THE CITY OF ORANGE, APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

1.  The amendment to section 4 of the Walsh act, approved April 13th, 1915 (*Pamph. L.*, *p.* 494), takes from the board of com-. missioners jurisdiction to try charges against a police officer and vests such jurisdiction in the commissioner of the department of public safety.

2.  In a statute prescribing the exercise of the powers of municipal government the word "shall" is imperative and imports absolute obligation unless a different meaning is conclusively required by the context.

On error to the Supreme Court.

The Supreme Court filed the following memorandum:

"PER CURIAM.

"The prosecutor, John D. Foley, was charged with violating rule 15 of the police rules, and was tried on the charge by the board of commissioners of the city of Orange, found guilty and dismissed from the force.

"The jurisdiction to try the prosecutor is under the act of 1915, p. 495, section 4, vested in the commissioner of the department of public safety. The board of commissioners, sitting as such board, was without jurisdiction to try him. See Apple *v.* Atlantic City, recently decided and not yet reported. Opinion is on file.

"The proceedings must be set aside, with costs."

For the appellant, *Arthur B. Seymour*.

For the respondent, *William A. Lord*.

The opinion of the court was delivered by

GARRISON, J.   The question to be decided is whether the jurisdiction to try charges against a police officer of a city

governed under the Walsh act (*Pamph. L.* 1912, *p.* 643) was taken away from the board of commissioners by the amendment of the fourth section of such act (*Pamph. L.* 1915, *p.* 494). Prior to such amendment all of the judicial power of the board of commissioners was vested in the board itself, which by reason thereof was in effect a judicial tribunal of a somewhat anomalous character. This situation arose from the fact that while the parent act distributed among the several departments created by it all of the executive and administrative power and authority of the city government, it omitted to make a similar distribution of the judicial power. The amendment of 1915 supplied this omitted provision by the insertion of the word "judicial" among the powers that "shall be distributed" to and among the several departments, which placed the judicial power appropriate to any one of such departments upon precisely the same footing as the executive and administrative powers, *i. e.,* to be exercised by the commissioner of such department and not by the board itself as a body. The legislative will thus declared was imposed upon the municipal agent without regard to its concurrence or dissent, which would be as nugatory in the one case as it would be futile in the other. The statute being imperative and importing absolute obligation was self-executing, a rule that lies at the root of all legislative supremacy. "The presumption," said Mr. Justice Trenchard in *Haythorne* v. *Van Keuren,* 79 *N. J. L.* 101, "is that the word 'shall' in a statute is used in an imperative and not in a directory sense. If a different interpretation is sought, it must rest upon something in the character of the legislation or in the context which will justify a different meaning." In the present case the context is the declaration by the supreme legislative authority of a state that the governmental powers granted by it shall be exercised in a particular manner. Such a declaration from such a source upon such a subject, *ipso facto,* distributed the judicial power in accordance with the legislative mandate. The contention that thereafter the judicial power remained where it was before such distribution must rest upon the

notion that words have no settled meaning or that language is powerless to express thought.

The judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, BERGEN, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   8.

*For reversal*—PARKER, WHITE, GARDNER, JJ.   3.