GEORGE F. HEWSON, PROSECUTOR, v. CITY OF NEWARK, RESPONDENT.

Submitted July 1, 1920—Decided October 19, 1920.

1. The power of removal provided for in the act of 1915 (*Pamph. L.*, *p.* 495), providing for the distribution of judicial power in commission-governed cities among the five commissioners, is applicable to officers appointed by the whole board of commissioners.
2. The amendatory act of April 13th, 1915 (*Pamph. L.*, *p.* 495), which provides for the distribution of judicial powers of commissioned-governed cities among the five commissioners, does not contemplate that the judicial powers shall be exercised by the whole board when the officer is appointed by the board.

On *certiorari.*

Before Justices Swayze and Black.

For the prosecutor, *Edwin G. Adams.*

For the respondents, *Jerome T. Congleton* and *Merritt Lane.*

The opinion of the court was delivered by

SWAYZE, J. On January 15th, 1920, charges of official misconduct were made against Hewson as a member of the board of assessment and revision of taxes of Newark. He was tried before the director of the department of revenue and finance. and found guilty on some of the charges. The findings of fact are set forth in detail by the director and are justified by the evidence, a stenographic transcript of which is returned with the record. Two legal objections are raised: 1. That the director alone had no jurisdiction since the hearing ought to have been before all the commissioners of Newark. 2. The findings of the director do not contain the substance of the evidence upon which his action was based.

1. The prosecutor recognizes that there has been a change in the statute since the decision in *Herbert* v. *Atlantic City*, 87 *N. J. L.* 98, which has been construed by the courts in *Brennan* v. *Jersey City*, 104 *Atl. Rep.* 90; *Crane* v. *Jersey City*, 90 *N. J. L.* 109; affirmed on opinion, 91 *Id.* 248; *Apple* v. *Atlantic City*, 104 *Atl. Rep.* 89; *Foley* v. *Orange*, 91 *N. J. L.* 554. The attempt is to distinguish the present case upon the ground that Hewson had been appointed by the board of commissioners and could only be removed by that board which was made by statute sole judge of the sufficiency of the cause of such removal. The basis of the argument is that the act of 1915 (*Pamph. L., p.* 494) is not applicable to officers appointed by the whole board of commissioners. It is, however, plain that the legislature meant that the judicial power of the commissioners should be distributed among the five departments, and we see nothing in the act to indicate that the legislature meant that the judicial power should be further subdivided according to the source of the appointment of the officer to be tried. The act of 1915 was meant to supersede the earlier provisions in this respect.

2. The next objection is that the findings do not set forth the evidence, and we are referred in support of this contention to the well-known cases. The prosecutor has overlooked the act of 1914. *Pamph. L., p.* 419; *Supp. to Comp. Stat., p.* 117. This provides for a return of the stenographer's trans-

cript of the evidence, where, as in the present case, it has been reported stenographically, and expressly enacts that the stenographer's transcript shall constitute a part of the state of the case and be considered by the reviewing court upon the argument of the writ of *certiorari* as the evidence given at the trial. This act was approved immediately after the argument of *Mullane* v. *South Amboy,* 86 *N. J. L.* 173, and may well have been meant to cure the difficulty that arose in that case.

The conviction is affirmed, with costs.