JONATHAN HAND, PROSECUTOR, v. THE MAYOR AND BOARD OF COMMISSIONERS OF THE CITY OF WILD-WOOD, RESPONDENTS.

Argued May 7, 1930—Decided June 26, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *William Elmer Brown, Jr.*

For the respondents, *Albert S. Woodruff.*.

PER CURIAM.

By the present writ the proceedings to remove the prosecutor as city solicitor of the city of Wildwood are before us for review.

The city of Wildwood is incorporated under *Pamph. L.* 1897, *p.* 46 (1 *Comp. Stat., p.* 1297), and in September, 1912, adopted the commission form of government under the statute commonly known as the Walsh act (*Pamph. L.* 1911, *p.* 462), and has, because of its population, three commissioners, who are Robert G. Pierpont (mayor), Alfred Taylor and Ralph L. Carll. At the organization of the present commissioners on May 15th, 1928, the mayor, Robert G. Pierpont, was designated and there were assigned to him the duties of "director of the department of public affairs and public safety and as such president of the board of commissioners,"

and amongst the officers particularly assigned to him and placed under his control was the city solicitor. The prosecutor being appointed to such position at the aforesaid organization meeting.

After certain alleged charges for neglect of duty had been preferred against the prosecutor he was brought to trial thereon, or an attempt to do so was made, and a so-called hearing was had in the presence of the mayor and the other two commissioners. This resulted in the adoption of a resolution by the commissioners "that Jonathan Hand, Esquire, be dismissed as city solicitor of the city of Wildwood, he having been tried and found guilty of neglect of duty, and that his compensation cease immediately upon the adoption of this resolution" and "that the office of city solicitor of the city of Wildwood be and the same is hereby declared to be vacant."

It is urged that the proceedings and judgment should be set aside because the attempted trial or hearing was attempted to be held before the city commissioners whereas the sole right to hear and determine the matter resided in the mayor and further because the proofs did not substantiate the charges.

It is urged by the respondent and resisted by the prosecutor that the latter was appointed for an indefinite term and therefore subject to dismissal at any time, with or without cause, and there is the further insistence by the prosecutor that his term was that of the life of the board of commissioners, namely, four years, which is resisted by respondent who argues that the term is that fixed by the act of 1897, *supra*, namely, three years.

This part of the controversy is non-important and we pass it by because the sole ground upon which prosecutor was attempted to be removed from office was that he had been found guilty, after hearing, upon charges of neglect of duty.

We conclude the proceedings and the resolution of ouster must be set aside for the following reasons:

1. Because the duty and power to try the prosecutor was solely in the director of public affairs and public safety. This

seems to be conceded by the respondent. Certainly it has not been open to doubt since *Crane* v. *Jersey City*, 90 *N. J. L.* 109, and *Foley* v. *Orange*, 91 *Id.* 554. But respondent urges that although all the commissioners sat at the hearing yet the action was by the director of public affairs and public safety. The record before us, however, does not substantiate this. There is no finding by the director in question. The formal finding and judgment is the resolution of the commissioners (*supra*) as a body.

2. Because the proofs do not justify the finding of guilt and judgment of ouster. It is difficult to characterize the hearing and no attempt in this direction will be made.

Respondent urges that if there is any proof to sustain the finding this court will not disturb it; citing *Ayers* v. *Newark*, 49 *N. J. L.* 170; *Ackerly* v. *Jersey City*, 54 *Id.* 310; *Cavanagh* v. *Police Commissioners*, 59 *Id.* 412, and *Bowlby* v. *Dover*, 68 *Id.* 97. It is to be noted, however, that all of these adjudications are prior to the adoption of section 11 of the *Certiorari* act (1 *Comp. Stat., p.* 405), which in causes of this character imposes upon this court the duty to "determine disputed questions of fact as well as of law."

In doing this the conclusion cannot be escaped that the proofs furnish no rational basis for the judgment.

The proceeding and resolution, or judgment of ouster, are therefore set aside, with costs.