HAROLD J. MEE, PROSECUTOR, v. TOWN OF MONTCLAIR, RESPONDENT.

Submitted May 15, 1931—Decided November 23, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the respondent, *George S. Harris.*

PER CURIAM.

On October 28th, 1930, the prosecutor of this writ, a member of the fire department of the town of Montclair, was served, on complaint of the chief of the fire department of the town, with written charges alleging certain violations of an ordinance of the town entitled "An ordinance to provide for, establish, regulate, and control a paid fire department; to establish rules for the government thereof, to designate the manner of appointment and removal of members of the fire department, and the paramount rights of fire apparatus in the use of the streets in the town of Montclair, county of Essex," adopted June 2d, 1914, and amendments thereto and supplements thereof.

He was tried by the director of public safety of the town on these charges on November 10th, 1930, and on December 15th, 1930, he was found guilty by the director of three of the charges.

The three charges on which the prosecutor was found guilty are in short, that on August 1st, 1930, at the township of Livingston, New Jersey, he (1) was guilty of conduct

unbecoming an officer and a gentleman, in violation of article 11, section 10 of the ordinance; (2) was under the influence of intoxicating liquor, in violation of article 11, section 11 of the ordinance, and (3) was driving a car while under the influence of intoxicating liquor in violation of article 11, section 7 of the ordinance.

The director of public safety thereupon sentenced prosecutor to the loss of pay for a period of five months, from August 9th, 1930, to January 9th, 1931, inclusive.

The prosecutor, under point one, attacks the jurisdiction of the director of public safety to try him, his point being that jurisdiction to try him rested with the town commissioners as a body.

But the town of Montclair at an election held in 1916 adopted the Walsh act, and our Court of Errors and Appeals held in *Foley* v. *Orange,* 91 *N. J. L.* 554, that the amendment to section 4 of that act approved April 13th, 1915 (*Pamph. L., p.* 494), takes from the board of commissioners jurisdiction to try charges against a police officer and vests such jurisdiction in the commissioner of the department of public safety. That the same principle applies to firemen as well as policemen cannot be doubted. *Herbert* v. *Atlantic City,* 87 *N. J. L.* 98.

The prosecutor, however, contends that in Montclair there had been no distribution of the powers among the five departments and no assignment of the commissioner who tried the prosecutor to the department of public safety. We find otherwise. Two resolutions were passed on May 15th, 1928, when the present commission was organized, which were designed to, and did, accomplish such purposes.

The prosecutor, under point two, attacks the clarity and expression of the charges filed against him. But each charge specifies the particular section of the ordinance which was violated by the prosecutor, and precisely sets forth in what respect the section was violated, and specifies the time and place. They are sufficient.

It is argued that since the prosecutor was not on duty at the time of the offense, or in uniform, he could not properly

be convicted. But this is not so. *Herbert* v. *Atlantic City,* 87 *N. J. L.* 98; *Hailes* v. *Kearny,* 101 *Id.* 401.

Under his next point the prosecutor seeks to set aside the judgment of the director of public safety on the ground of insufficiency of the evidence. But a reading of the findings and the evidence shows clearly that prosecutor was guilty as found by the director. Moreover, in reviewing the action of the director, this court will not weigh the evidence, for the purpose of reaching an independent conclusion on the question of guilt or innocence of the prosecutor. It will only consider such evidence for the purpose of determining whether or not it affords a rational basis for the judgment against him. If it does, then no matter whether the evidence be weak or strong, this court will not interfere. Here there was certainly such rational basis for the judgment.

This salutary rule has been followed in many cases. See *Reilly* v. *Jersey City,* 64 *N. J. L.* 508, and *Herbert* v. *Atlantic City, supra.*

Under the next point the prosecutor contends that because the Court of Common Pleas set aside proceedings against him in the Recorder's Court of the township of Livingston under the Motor Vehicle act for driving an automobile while under the influence of liquor, because of a defect in the complaint, that the director of public safety of the town of Montclair was precluded from trying prosecutor. But we think this contention is without merit. There the charge was under the Motor Vehicle act; here the prosecutor was being tried by the director of public safety for violation of the town ordinance, which was very different in substance.

Under his last point prosecutor argues that the director of public safety had no authority to sentence him to the loss of pay for a period of five months.

This seems to be so. But the *Certiorari* act provides in section 11: "In all cases of writs of *certiorari* now pending or hereafter brought * * * to review the proceedings of any special statutory tribunal, or to review the suspension, dismissal, retirement, or reduction in rank of any person holding office or position, state, county, or municipal, from

which he is removable only for cause and after trial * * * the court may reverse or affirm, in whole or in part, such * * * findings or determination, suspension, dismissal, retirement, or reduction in rank reviewed."

Now, under the ordinance the director of public safety could have lawfully suspended the prosecutor for a period not to exceed six months, without pay, or fined him one month's pay. At the time the sentence by the director was imposed, the prosecutor had been suspended without pay for a period slightly exceeding four months. It is apparent that the intention of the director was to place a fine on prosecutor of loss of one month's pay, in addition to the period which had elapsed, and we think that the due administration of justice requires that the intended sentence should now be imposed.

In *Dubelbeiss* v. *West Hoboken*, 82 *N. J. L.* 683 (a somewhat similar case), the Court of Errors and Appeals, after referring to the above-quoted section of the *Certiorari* act, held that in consonance with the practice long adopted by the Court of King's Bench and approved by the Court of Errors and Appeals, the Supreme Court may not only order a reversal of the judgment of an inferior tribunal, but may enter such new judgment in that court as it appears by the record that the tribunal below ought to have rendered.

In accordance with these principles, the sentence in the present case will be modified to a fine of one month's pay.

No costs will be allowed either party as against the other.