DANIEL ANGELOTTI, PROSECUTOR-APPELLANT, v. TOWN OF MONTCLAIR, A MUNICIPAL CORPORATION IN THE COUNTY OF ESSEX, RESPONDENT-APPELLEE.

Submitted May 27, 1932—Decided October 17, 1932.

For the prosecutor-appellant, *Thomas Brunetto.*

For the respondent-appellee, *George S. Harris.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment of the Supreme Court, dismissing a writ of *certiorari* which was allowed the prosecutor-appellant by the Chief Justice, and argued before him as a single justice in accordance with sec-

tion 5 of the *Certiorari* act. The prosecutor was a member of the police department of the town of Montclair, and on April 14th, 1930, a complaint was preferred against him by the chief of police. Thereafter, a hearing was had before the director of public safety, and the prosecutor was found guilty of three of the charges contained in the complaint, which in substance, alleged that he failed to report to the chief of police, or officer in charge, information pertaining to places where gambling was conducted, as well as a violation of an ordinance relating to gambling houses, and that he entered the place in question, while in uniform, although he was not engaged in the discharge of his duties as a police officer at that time. The prosecutor was dismissed from the police department and compelled to forfeit all pay from March 31st, 1930, to the date of the dismissal.

The first ground of appeal alleges in effect, that the director of public safety of the town of Montclair was not vested with jurisdiction to hear and determine the charges against the prosecutor. It is contended that the power to conduct such a hearing or trial, is vested in the board of commissioners, and that no action had ever been taken by the board of commissioners, in determining and assigning to the department of public safety, the powers and duties to be performed by it. These identical questions were passed upon unfavorably to the prosecutor, and we think properly so, by the Supreme Court in the case of *Mee* v. *Town of Montclair*, 157 *Atl. Rep.* 447; 9 *N. J. Mis. R.* 1208, the opinion, in part, reading: "The prosecutor, under point 1, attacks the jurisdiction of the director of public safety to try him; his point being that jurisdiction to try him rested with the town commissioners as a body.

But the town of Montclair at an election held in 1916 adopted the Walsh act, and our Court of Errors and Appeals held in *Foley* v. *Orange*, 91 *N. J. L.* 554; 103 *Atl. Rep.* 743, that the amendment to section 4 of that act approved April 13th, 1915 (*Pamph. L., p.* 494; *Cum. Supp. Comp. Stat.*, §§ **136, 138), takes from the board of commissioners jurisdiction to try charges against a police officer and vests such jurisdiction in the commissioner of the department of public

safety. That the same principle applies to firemen as well as policemen cannot be doubted. *Herbert* v. *Atlantic City,* 87 *N. J. L.* 98; 93 *Atl. Rep.* 80.

The prosecutor, however, contends that in Montclair there had been no distribution of the powers among the five departments and no assignment of the commissioner who tried the prosecutor to the department of public safety. We find otherwise. Two resolutions were passed on May 15th, 1928, when the present commission was organized, which were designed to, and did, accomplish such purposes."

The resolutions referred to in the last paragraph of the opinion just quoted, were admitted in evidence in the present case.

The second and third grounds of appeal allege that the charges contained in the complaint are indefinite and insufficient, and fail to allege specifically, any offense, and that there was an absence of essential proofs in the trial to justify a conviction. It appears from the record that each of the charges as contained in the complaint, set forth the particular section of the ordinance which was alleged to have been violated, and also clearly states in what respect the section in question was violated, specifying the time and place. We think there was ample evidence to support the findings of the director of public safety. The prosecutor admits entering the premises involved, and there was testimony to show that the inmates of the house were gambling at the time, and no evidence was presented to indicate that the appellant ever reported the fact to his superior officers. However, it is well settled, that in cases of *certiorari,* an adjudication of the Supreme Court on questions of fact, is final, and will not be disturbed by this court, if it appears there was competent evidence upon which its conclusions could have been based.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.