JOHN POST, PROSECUTOR, v. JAMES S. ANDERSON, MAYOR
AND DIRECTOR OF PUBLIC SAFETY OF THE VILLAGE
OF RIDGEWOOD, AND THE BOARD OF COMMISSION-
ERS OF THE VILLAGE OF RIDGEWOOD, RESPOND-
ENTS.

Argued October term, 1932—Decided December 19, 1932.

Before Justices PARKER and LLOYD.

For the prosecutor, *Jerome J. Dunn.*

For the respondents, *Thomas L. Zimmerman, Jr.*

PER CURIAM.

The application in this case is for a writ of *certiorari* to
review the conviction of John Post, a member of the Ridge-
wood village police force, of conduct unbecoming an officer

(1)

in violation of a rule of the police manual, in that he had intercourse with a person named, causing her to become pregnant.

The first point made is that Anderson, director of public safety of the village of Ridgewood, was not qualified under the law as the tribunal to try him, inasmuch as the rules contemplate trial by all of the commissioners.

The difficulty with this contention is that chapter 275 of the laws of 1915, page 495 (which amends the statute popularly known as the Walsh act) has been construed by this court and the Court of Errors and Appeals to the contrary. In *Foley* v. *Orange,* 91 *N. J. L.* 555, it was declared that section 4 of the act takes from the board of commissioners jurisdiction to try charges against a police officer and vests such jurisdiction in the commissioner of the department of public safety; that the statute was imperative and self-executing. This decision has been followed on repeated occasions. *Hand* v. *Wildwood,* 8 *N. J. Mis. R.* 498; 150 *Atl. Rep.* 828; *Mee* v. *Montclair,* 9 *N. J. Mis. R.* 46; 157 *Atl. Rep.* 447. Rules of the commissioners to the contrary were, therefore, unavailing.

It is next urged that evidence received tending to establish the guilt of the officer was improperly received. This evidence consisted of the dying declaration of a girl to the effect that the prosecutor was responsible for her pregnant condition. This evidence was clearly inadmissible. 22 *Corp. Jur.* 258, but this does not justify setting aside the order of dismissal inasmuch as other evidence heard by the director was amply sufficient, as we think, to establish the guilt of the prosecutor. *Crane* v. *Jersey City,* 90 *N. J. L.* 109; 103 *Atl. Rep.* 678, where it was said that "the admission of illegal testimony in cases tried by a special tribunal * * * would not have the effect to invalidate the findings of that tribunal so long as it appears that there is competent testimony in the case to support such findings."

The application is denied.