EDWARD J. O'BRIEN, PROSECUTOR, v. REGINALD C. S. PARNELL, DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE OF THE CITY OF NEWARK, AND THE CITY OF NEWARK, DEFENDANTS.

Submitted December 12, 1933—Decided December 20, 1933.

Before Justice PARKER, sitting alone, pursuant to section 5 of the *Certiorari* act.

For the prosecutor, *Hannoch & Lasser*.

For the defendants, *Spaulding Frazer*.

PARKER, J.   This is a *certiorari* to a proceeding before the director of revenue and finance of the city of Newark resting on charges made by said director against the prosecutor, O'Brien, of non-feasance in office as president and member of the board of assessment and revision of taxes of said city. The writ was allowed by me on October 20th, 1933, and in advance of any determination of the charges by the commissioner, on the theory that the jurisdiction of the director to act in the premises was fairly drawn in question. *Mowery* v. *Camden*, 49 *N. J. L.* 106; 6 *Atl. Rep.* 438; *Croasdale* v. *Atlantic Q. S.*, 88 *N. J. L.* 506; 97 *Atl. Rep.* 285; 89 *N. J. L.* 711; 99 *Atl. Rep.* 1070; *Public Service Railway Co.* v. *Camden*, 95 *N. J. L.* 190.

Only two reasons are assigned:

The first goes to the jurisdiction of the commissioner on two grounds:

(a) That the act in *Pamph. L.* 1921, *p.* 880, is exclusive in matters of this kind; and

(b) That if any power lies in the municipal authorities, it is in the entire board of commissioners and not with the director of revenue and finance.

The second ground is that the charges made are vague and indefinite and, even if true, are not sufficient in law to warrant the removal of prosecutor from his office.

It may be that this second ground need not be considered though I have given consideration to it. But if there be jurisdiction, it would seem that the question raised by this second reason should be first determined by the commissioner subject to review and perhaps to amendment of the charges; while, on the other hand, if there be no jurisdiction that naturally ends the matter.

Before taking up the question of jurisdiction, it is proper to consider a flank attack by prosecutor on the right of the commissioner, as such, to be represented by counsel of his own choosing. The argument is that by the act of 1920 (*Pamph. L., p.* 117), establishing a law department in cities of the first class, it is provided "that the corporation counsel shall be chief law officer of the city, and attorney or solicitor of record in all court proceedings wherein the city or any of its officers, boards, bodies or commissions, by reason of any suits growing out of their official position shall be a party." It is stated in the brief that the city counsel, who does not appear before me in this case, has given as his opinion that the proceeding by the commissioner is not warranted in law, and that the counsel employed by him has no right to act in this litigation in any capacity. But apart from the fact that the act goes no farther than to provide that the city counsel shall be attorney of record in such proceedings, I think that whatever his opinion may be, there is usually another side to the question which the court is entitled to consider and on which it is entitled to the aid of counsel. Mr. Frazer is therefore recognized at least, for present purposes, as an *amicus curiæ.* In that situation it is unnecessary to decide the point raised.

The next point properly to be considered is that by the act of 1921 (*Pamph. L., p.* 800), the legislature has provided machinery for the removal of assessors, viz., by the action of the Supreme Court, "or one of the judges thereof," upon

complaint, order to show cause, and hearing. On a finding of guilt and consequent removal, or on a resignation in the face of charges filed in the court, the party accused shall be ineligible for five years to hold such office. This unusual act, approved April 9th, 1921, followed hard upon the decision of the Supreme Court in *Hewson* v. *Newark, 95 N. J. L.* 28; 111 *Atl. Rep.* 497, in October, 1920, and affirmance thereof February 28th, 1921. 95 *N. J. L.* 544; 112 *Atl. Rep.* 498. The act of April 9th appears to be modeled somewhat upon section 11 of the County Board act (*Pamph. L.* 1906, *p.* 210—at *p.* 216), conferring powers of dismissal on the state board of equalization upon complaint by a county board. Each appears to be a sort of legislative short cut aimed at the removal of an assessor who "shall willfully or intentionally fail, neglect or refuse to comply with the constitution and laws of this state relating to the assessment and collection of taxes." Section 11 of the act of 1906 was not noticed by the Supreme Court in the Hewson case. It is suggested that the court deemed it unconstitutional as not within the title of the County Board act. But this cannot be assumed; and it is fully as reasonable to assume that the court, presumed to be aware of that act, regarded it merely as a parallel but not exclusive method of dismissing an assessor, and running side by side with the later powers of municipal commissions created by the Walsh act of 1911 and its supplements and amendments. There is nothing in the act of 1921 to indicate that the method therein provided is to be exclusive; and I am unwilling so to hold. If the Supreme Court is to operate as a court of impeachment, the intent of the legislature in that regard should be perfectly plain. I conclude therefore that the Walsh act in this aspect remains in force notwithstanding the act of 1921, and that its provisions are not inconsistent with that act.

The next point is that even under the Walsh act the power of removal is vested in the whole board, and not in the appropriate individual commissioner. But this seems to fly in the face of the line of cases led by *Foley* v. *Orange, 91 N. J. L.* 554; 103 *Atl. Rep.* 743, the latest of which seems to be *Post* v. *Anderson,* 11 *N. J. Mis. R.* 1; 163 *Atl. Rep.* 666, appeal dis-

missed, but with discussion on the merits, 111 *N. J. L.* 303; 168 *Atl. Rep.* 622; *Seaman* v. *Strollo,* 105 *N. J. L.* 570; 146 *Atl. Rep.* 331, and similar cases are in nowise to the contrary as they relate to the original power to appoint. To the suggestion that "the appointments of an entire board can be defeated in a short time by the action of any (*sic*) individual commissioner," it seems sufficient to say that removal is had only on charges and a proper hearing subject to review on *certiorari.* The incumbent is therefore fully protected against any arbitrary interference with his tenure.

Finally, in the language of reason 2, that "the charges * * * are vague and indefinite and even if true, are not sufficient in law to warrant the removal of prosecutor from his aforesaid office."

I have examined them, and without going into details, am satisfied that they contain quite enough merit to justify the commissioner in acting, if substantiated by evidence. Generally speaking, the charge is that prosecutor has been and is enjoying the emoluments of a public office requiring the expenditure of a great deal of hard work, without any substantial effort to perform the duties of that office.

I have not stopped to consider whether inertia and nonfeasance are properly to be classed as "willful or intentional failure, neglect or refusal to comply with the constitution and laws of this state relating to," &c., though much might be said to the contrary.

The writ is dismissed, with costs.