STATE, THOMAS R. HUNT, PROSECUTOR, v. THE COMMON COUNCIL OF THE CITY OF LAMBERTVILLE.

1. A *certiorari* is a *supersedeas*, and operates to suspend the proceeding removed by it.
2. An attachment will lie against one to whom the writ is directed, or who has notice of its issuance, if, in the face of its restraining force, such person proceeds in the matter removed for review.

On rule to show cause why an attachment should not issue against John Cullan, John E. Kilroy, John Kearns, Eli K. Solliday, John W. Smith and B. Way Ter Woert as for contempt.

Argued at November Term, 1883, before Justices KNAPP, DIXON and MAGIE.

For the rule, *John Lilly* and *James Wilson.*

For the respondents, *J. N. Voorhees, W. E. Cotter* and *J. P. Stockton, Attorney-General.*

The opinion of the court was delivered by

KNAPP, J.   The application is for an attachment against the respondents for contempt in disregarding a writ of *certiorari*, and, notwithstanding its issue and service, proceeding in the matter which was arrested by the writ.

That a writ of *certiorari* operates as a *supersedeas* and at once puts an end to further proceedings in the cause or matter removed for review, is too well established to need authorities cited in support of the rule.   It is not only binding upon the parties to whom it is directed, but it is so as well upon all concerned in the matter who have notice of the issuance of the writ.   *McWilliams* v. *King*, 3 *Vroom* 21; *McQuade* v. *Emmons*, 9 *Vroom* 397.

To disregard the writ when duly apprised of its existence, and to go on in the face of its restraining force, is to contemn the authority of the court and give ground for an attachment.

The matter here becomes one merely of fact, and the evidence, although unnecessarily voluminous, is not conflicting in its essential features.

A writ of *certiorari* was issued out of this court, directed to the common council of the city of Lambertville, requiring that body to certify a resolution of September 4th, 1882, authorizing Mr. Ter Woert, one of respondents, to construct a sewer in Bridge street, in said city.   The writ was served on the common council in open meeting, at which all the members were present, and the writ was read in their presence.   All the parties respondent were members of that board except Mr. Ter Woert.   He was interested as a petitioner for the construction of the sewer, and after the writ was served he applied to the city solicitor for and obtained the writ for examination and submission to counsel.   On the 29th of December, 1882, persons under the direction of Mr. Ter Woert were found digging up the street for the purpose of laying the proposed sewer, and among those engaged in the work was John Kearns, one of the common council.   The president of the common council, on making objection to Mr. Ter Woert and others against their proceeding with the work, was informed

by Mr. Ter Woert that he had that morning notified him, the president, by letter, that he, Mr. Ter Woert, was about to begin to lay the sewer. The work progressed to completion, when, on the 4th of January, 1883, an agreement, bearing date November 3d, 1882, was presented to the common council, executed by Mr. Ter Woert, by the terms of which the Catholic Church of St. John the Evangelist, of Lambertville, party of the second part to said agreement, represented by Mr. Ter Woert, was allowed, at its own expense, to lay the sewer in question in accordance with the action of the common council theretofore had. By the votes of Cullan, Kilroy, Kearns, Smith and Solliday, against the protest of Finney, Herr, Millick and Wilmot that the proceeding was in violation of the command of the writ, the council adopted and approved that agreement, and by the same vote resolved to employ counsel to assist in the defence of the common council in the *certiorari* proceedings at no expense to the city.

As to the respondents who were members of the common council to whom the writ was addressed, this action in respect to the sewer proceeding that had been removed by the writ, besides the evidence that it affords of complicity and concert with Mr. Ter Woert in the construction of this sewer, is in itself in plain disregard of the duty imposed upon them to refrain from all action of every character aiding or countenancing execution of the suspended proceeding, and their acts were in plain contempt of the authority of this court, out of which the writ proceeded. As to the other respondent, Mr. Ter Woert, the laying of the sewer despite the force of this writ, was an act which the common council could not lawfully perform under these proceedings; the only authority that Mr. Ter Woert had or could have was such as he derived from that body, and could be no greater than that which they were permitted to exercise, and he knew that further proceeding had been arrested by the process of the court. If the excuse which his counsel relies upon in defence of his act could avail him, namely, that he had an agreement with the common council prior to the service of the writ, which I think it could

not, even if true—in point of fact, the ground of excuse did not exist—he had no such agreement. Execution by him on the one part was not an execution of that agreement, and he knew, as plainly appears by his own statements, that such agreement had not been executed by the council. He knew the writ had come to the council, and he concluded, (whether upon his own judgment or upon advice which he received is immaterial,) that, despite the writ, he might with safety rush through the execution of this enterprise before the court had passed upon the validity of the proceedings out of which it grew. In making the experiment he took the risk of consequences, and, in my judgment, there is no fact in the case that relieves him from the condition of the other respondents.

I think it is entirely clear that the attachment ought to go against each of these respondents. Let an attachment issue accordingly.