PATRICK CRANE, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL., RESPONDENTS.

Submitted July 6. 1916—Decided February 8, 1917.

1. The fact that a superior officer, in whom the law has vested the authority to try his subordinates upon charges preferred against them, has, on previous occasions, reprimanded or disciplined them for delinquencies in the performance of their duties, does not, *per se.* in the absence of a statutory mandate forbidding it, disqualify such superior officer from trying them on charges duly preferred against them.

2. A director of public safety, in a city governed under the provisions of the "Walsh act," has the power, sitting alone, to try a member of the police department on charges preferred against him, where the board of commissioners have, by resolution, and in accordance with the provisions of *Pamph. L.* 1915, *p.* 494, amending section 4 of *Pamph. L.* 1913, *p.* 836, conferred upon such director the judicial powers exercised by him.

3. The admission of illegal testimony, in cases tried by a special tribunal, such as a city commission, will not have the effect to invalidate the findings of that tribunal so long as it appears that there is competent testimony in the case to support such findings.

On *certiorari*.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Harry Lane*.

For the respondents, *John Milton*.

The opinion of the court was delivered by

KALISCH, J. On the 21st day of October, 1915, the prosecutor, who was a member of the Jersey City police department, was dismissed from that body. The ground of his dismissal was conduct unbecoming an officer. The specific charges made against him were that on the 13th day of October, 1915, while on duty at the Jewett avenue stable, he was ordered by Lieutenant Lynch, his superior officer, to leave the stable door open, whereupon the prosecutor used vile language, assaulted and attempted to shoot Lynch; that on the 14th day of October, 1915, the prosecutor, when ordered by Lieutenant Lynch to make out a report regarding his, the prosecutor's conduct the day previous, used vile and threatening language to the lieutenant and refused to make out the report, and that such conduct was in violation of rule 25, section 34 of the manual of the Jersey City police force. The prosecutor, on the 21st day of October, 1915, was put upon trial before Frank Hague, director of department of public safety. The accused appeared with counsel and objected to being tried by the director on two grounds—

*first,* that the director was disqualified to try the cause because in a letter written by that official to the chief of police of Jersey City, he had expressed an unfavorable opinion on the conduct of the prosecutor as a police officer; *secondly,* that the director was without jurisdiction to try the prosecutor sitting alone, in that the prosecutor was entitled to a trial by the entire board of city commissioners.

These objections were overruled by the director and the trial proceeded. Witnesses were sworn and examined and cross-examined, the accused officer being a witness in his own behalf.

The letter which is made the basis of the prosecutor's claim that the director was disqualified to try the prosecutor upon the charges preferred against him, was embodied in an order made by the director on the 21st day of February, 1915, and which order is designated as "General Order No. 21." A part of the letter which the prosecutor claims disqualified the director to sit in judgment, reads as follows: "This man is constantly reporting sick, and I am convinced that his ailments are only imaginary, with the purpose of shirking his duties. I have stated before in a communication to you that I am determined to drive such men as these out of the department and I only regret that I have not sufficient evidence to place Crane (the prosecutor) before the commissioners on charges, and recommend his dismissal."

Reading the entire letter, it becomes plain that the director was attempting to eradicate an evil that had grown up in the police department, namely, for some officers to feign illness, be relieved from duty on account of illness, and draw full pay. In order to stop this nefarious practice, the director used plain and emphatic language. But it is an idle thought to entertain for a single moment that the director was actuated by personal malice against the men in his department generally or against the prosecutor in particular. The director was manifestly actuated by a proper spirit of public service, and it was his duty to protect the public against imposition and to enforce proper and strict discipline in the department of which he was the head, and

for the proper conduct of which he was answerable to the public.

It is further to be observed that what was said, by the director, in this letter, written some six months prior to the happening of the event, which gave rise to the present charges, has no connection whatever with the nature of the charges upon which the prosecutor was tried.

The fact that a superior officer, in whom the law has vested the authority to try his subordinates upon charges preferred against them, has on previous occasions reprimanded or disciplined them for delinquencies in the performance of their duties, does not, *per se,* in the absence of a statutory mandate forbidding it, disqualify such superior officer from trying them on charges duly preferred against them.

As we are unable to discover any evidence of bias or oppressive conduct on the part of the director in the trial of the prosecutor, we are forced to the conclusion that he was not disqualified to inquire into and determine the truth of the charges made against the prosecutor.

As to the point made by counsel for the prosecutor, that the director sitting alone was without jurisdiction to try the accused, in that the statute contemplates a trial by the entire board of city commissioners, we find to be without merit.

Prior to the adoption of the act of 1915 (*Pamph. L., p.* 494), amending section 4 of the act of 1913 (*Pamph. L., p.* 836), the law required the entire board to sit in a case like the present. *Herbert* v. *Atlantic City,* 87 *N. J. L.* 98. In that case the prosecutor was a member of the police department of Atlantic City and was tried by the entire board of commissioners, sitting as a special tribunal for that purpose. The authority of the board to try the case was objected to by the prosecutor upon the ground that by an ordinance previously adopted by the board, the power attempted to be exercised had been transferred by the board to a single commissioner—the director of the department of public safety.

This court held that, since the legislature vested the judicial powers in the board of commissioners, the latter could not lawfully divest itself of such powers and transfer them to the director of public safety.

Evidently, in view of the ruling of this court in that case, the legislature amended section 4 of the act of 1913, so as to authorize the board of commissioners to distribute the executive, administrative, judicial and legislative powers, authority and duties into and among five. departments in cities having five departments, &c. This was decided in Brennan *v.* Jersey City, at the June term, 1916, by this court in an unreported opinion.

In the present case it appears that the board of commissioners by resolutions had conferred upon the director of the department of public safety the judicial powers exercised by him.

It is next urged that the prosecutor was dismissed without sufficient evidence to justify his dismissal, and that the conviction was against the clear weight of the evidence.

An examination of the evidence leads us to the conclusion that the judgment, pronounced by the commissioner against the prosecutor, is fully supported by the preponderance of the credible testimony in the case.

Lastly, it is insisted that the proceeding must be set aside because illegal testimony was admitted over objections of counsel for prosecutor. The admission of illegal testimony, in cases tried by a special tribunal like the one whose proceedings we are considering, will not have the effect to invalidate the finding of the tribunal, so long as it appears that there is competent testimony in the case to support such finding. In the present case, the competent testimony amply supports the judgment of the commissioner. ·

The writ will be dismissed, and the proceedings affirmed, with costs.