RICHARD O. ZOBER, APPELLANT, v. BENJAMIN F. TURNER, DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY OF THE CITY OF PASSAIC, RESPONDENT.

Submitted May 31, 1929—Decided February 3, 1930.

For the appellant, *Filbert L. Rosenstein* and *Frederick S. Ranzenhofer.*

For the respondent, *Joseph Weinberger* and *Merritt Lane.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This is an appeal from a judgment of the Supreme Court on *certiorari.* The prosecutor-appellant, who was chief of police of Passaic, was tried before the director of the department of safety of Passaic (which included the police department), on sundry charges, was found guilty and dismissed from office. He obtained a *certiorari* from the Supreme Court, which, after hearing, affirmed the judgment of the director. The prosecutor-appellant appeals here and assigns seven grounds of appeal from the Supreme Court. The first ground was enough, and under it reliance might be had upon any one or more of the reasons on *certiorari* filed in the Supreme Court and brought up with the transcript. *Burhans* v. *Paterson,* 99 *N. J. L.* 490. And the appellant was limited to questions set up in the reasons and argued in the court below. *Franklin* v. *Millville,* 98 *Id.* 262. The reasons and the grounds of appeal are argued here under seven heads in the prosecutor-appellant's brief. The first five go to the question of bias in the director who tried the prosecutor-appellant. The sixth, was on the question of admission and rejection of evidence, and the seventh, was that only imperative necessity would justify affirming the judgment of the commissioner, and that none such existed in the case. This, too, goes to bias. So this leaves only for consideration the questions of evidence and of bias.

In *Walz* v. *Nicolosi,* 1 *N. J. Mis. R.* 80, the Supreme Court held that where it was alleged that the judgment was contrary to evidence, and it disclosed or showed certain alleged facts, but that no ruling by the trial court alleged to be erroneous is pointed out, there is nothing to review; while, under rule 145 of the Supreme Court an appeal is to be heard solely on the points of law specified. And in *Kotwica*

v. *Daneski*, 1 *Id.* 141, it was held that the points in appellant's brief corresponding to certain specifications were not properly before the court, as the specifications did not specify, but merely asserted generally the admission of illegal evidence and the exclusion of legal evidence; that it was not sufficient, citing cases.

The Supreme Court in its opinion herein said that the prosecutor entered objections to the admission of testimony against him and to the exclusion of testimony offered for him, but specifies no legal ground upon which may be rested an objection to the procedure or action of the commissioner, except in the case of the witness Shadd, which they examined and found to be immaterial to the question propounded to the witness. But, assuming the objection to be properly taken, there is evidence in the transcript to support the judgment of the Supreme Court. It has been repeatedly held that a factual question supported by such evidence will not be reversed. *Breithart* v. *Lurich* (*Court of Errors and Appeals*), 98 *N. J. L.* 556; *Eberle* v. *Stegman* (*Court of Errors and Appeals*), *Ibid.* 879, 880; *Grannan* v. *Fox* (*Court of Errors and Appeals*), 100 *Id.* 288, 290.

However, the Supreme Court found abundant evidence of the guilt of the accused in this case. They said among other things: "Our reading of the testimony indicates that he was aware of the illegal practices which were thus carried on, and that alone would be enough to sustain the charge made against him in this respect." And our examination of the testimony leads to the same conclusion.

This leaves for consideration the assertion of the prosecutor-appellant that the director of the department of public safety of Passaic was so biased and prejudiced that, as a result, he did not receive a fair trial, one to which he was entitled before he could be dismissed from office.

That the director was prejudiced against the prosecutor-appellant we think may be inferred from his assertions concerning the prosecutor-appellant and by his actions toward him, but if there were any other judge who could have sat upon the case and tried the prosecutor-appellant, we

think that this record might show reversible error and demand a new trial.

The prosecutor-appellant first relies upon the Home Rule act, being an act concerning municipalities (*Pamph. L.* 1917, *p.* 319), and particularly article XVI, entitled Police, which in section 5 (at *p.* 360), provides *inter alia* that no officer shall be removed except for just cause as therein provided and then only after written charges shall have been preferred and publicly examined into by the proper board or authority upon reasonable notice to the person charged. There is no question here as to charges having been preferred, properly served and brought to trial, but objection only to the personnel of the official conducting the trial, he being accused of bias and prejudice against the prosecutor-appellant, and, therefore, not impartial within the meaning of the law.

There seems to be an agreement, or at least concession, to the effect that the director of public safety of Passaic was the only official designated by law to try the case. The return to the *certiorari* states that at the beginning of the hearing there was presented an objection to his trying the charge against the chief of police upon the ground that the director was prejudiced; but that counsel for the chief did not show him any law by which any person other than he could hear those charges, &c.

The burden of the argument of counsel for prosecutor-appellant is that the official who tried the cause was biased and prejudiced against the prosecutor-appellant, but nowhere in his brief is it shown, as already mentioned, that there existed any other officer who could under the forms of law try the cause. If there had been such it may be assumed that counsel would have made the demand for another judge when the chief was arraigned before the director. Therefore, we conclude that the director of public safety was the only official who could try the charges. In virtue of which fact he was obliged to try them or allow the prosecutor to go without trial, although he had an appeal in the event of an adverse finding and judgment.

On the question of bias or prejudice, it is stated in 33

*C. J.* 998, § 150: "While there are *dicta* to the effect that at common law a judge may be disqualified on the ground of his bias or prejudice, it is generally held, in the absence of statutory provision, that bias or prejudice on the part of a judge, which is not the basis of interest, does not disqualify him. * * * The disqualification of a judge on the ground of bias or prejudice is not looked upon with favor, and its liability to abuse has induced rigid constructions of statutes providing therefor."

In *Crane* v. *Jersey City,* 90 *N. J. L.* 109, the Supreme Court held that the fact that a superior officer in whom the law has vested the authority to try his subordinates upon charges preferred against them has, on previous occasions, reprimanded or disciplined them for delinquencies in the performance of their duties, does not *per se,* in the absence of a statutory mandate forbidding it, disqualify such superior officer from trying them on charges duly preferred against them. Affirmed, for the reasons given in the Supreme Court, 92 *N. J. L.* 248. And that is this case. Here there is no statute disqualifying the director on the ground of bias, and therefore he had the power to conduct the hearing and deliver judgment in the premises, and, in any event, as the Supreme Court remarked in its opinion, whether the accused has had such a fair and impartial hearing upon the entire evidence under review by the commissioner, may be dealt with by this court, as the reviewing tribunal, in the light of all the testimony and the circumstances produced at the trial. See, also, *In re Hague,* 103 *N. J. Eq.* 505, wherein the Court of Chancery held that erroneous rulings against a litigant, even when numerous and continuous, form no ground of bias or prejudice, especially when subject to *review on appeal.* The case of the chief of police of Passaic was reviewed on *certiorari* (which means appeal) in the Supreme Court—certainly an unbiased and impartial tribunal—and on all the evidence the judgment of the commissioner was by that court affirmed. So that at last, if not at the outset, the prosecutor-appellant had a fair and impartial trial, which he was so desirous of obtaining. As the Supreme Court found that he

was guilty on the evidence, he cannot be heard to complain that the director who tried the case in the first instance was biased and prejudiced against him.

We have a statute in this state (*Comp. Stat., p.* 4121) which provides that no judge who shall be related in the third degree to any of the parties, or interested in the event of the action, or had been attorney of record or counsel in the cause, shall sit. See *Curtis* v. *Joyce,* 90 *N. J. L.* 47. And it is not pretended that the present case falls within any of its provisions. And the common law does not aid him because the director was the only judge who could try him; and as defendant had his appeal and the judgment was affirmed because there was testimony which proved his guilt, he cannot here complain on that score.

Before leaving this case it ought to be remarked that there is no justification whatever for the aspersion sought to be cast upon the director who tried the case against the prosecutor, by asserting as a fact that his judgment contained language which resembled that of one of the counsel of the prosecution—a former judge, whose opinions are reported—concluding: "It is the hand of Esau, but the voice of Jacob." No attempt was made to show similarity aside from merely asserting it. It had no place in the brief.

In the case of *A. Makray, Inc.,* v. *McCullough,* 103 *N. J. L.* 346, we said: "The practice of inserting in briefs language which impugns the motives and conduct of the trial judge is very reprehensible and deserving of the strongest censure, and statements objectionable in that regard will not be considered. Error cannot be intensified by hostility, and invective is not argument."

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.