AARON H. WOODMAN, PROSECUTOR, v. OVID C. BIANCHI, DIRECTOR OF REVENUE AND FINANCE OF THE CITY OF ORANGE, RESPONDENT.

Argued October 2, 1934—Decided April 4, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *Seymour & Seymour.*

For the respondent, *Edward R. McGlynn.*

The opinion of the court was delivered by

HEHER, J. On March 27th, 1934, prosecutor was appointed, by resolution adopted by the board of commissioners of the city

of Orange, a member of the board of assessors of that municipality, for a term expiring on September 14th, 1936. On August 3d, 1934, he was removed from office by the respondent director, and he challenges the legality of the ouster.

The board was created by an ordinance adopted on September 5th, 1933. It provided for a board of three members, with a prescribed term of three years. The chairman of the board was thereby required to "devote his entire time exclusively to the duties of his office, or such other duties as may be assigned to him by the commissioner of the department to which the board of assessors is assigned." The salary of the chairman was fixed at $3,400 per annum. The other members were required to "devote so much of their time as is necessary to the satisfactory discharge of their duties, but not necessarily their entire time." Their salaries were fixed at $1,600 per annum. By an amendment of the ordinance, adopted on July 3d, 1934, it was provided that all three assessors should "devote their entire time exclusively" to the duties of their respective offices, or such other duties as should be assigned to them by the commissioner in charge. The hours of duty were ordained to be from nine A. M. to four-thirty P. M., except on Saturday, when the quitting hour was fixed at noon.

The judgment under attack rests upon prosecutor's conviction of non-performance of the duties imposed upon him by the ordinance. At the time fixed for the hearing of the charges, prosecutor, through counsel, challenged the jurisdiction of the respondent director, and, when this challenge was overruled, he withdrew and presented no defense. The charges were established by the proofs. There was evidence tending to show that prior to July 3d, 1934, when the amendment was adopted, prosecutor refused to do any clerical work, and that thereafter he rendered no service, although on July 6th, 1934, the respondent director forwarded to him, by registered mail, a letter enclosing a copy of the amendment to the ordinance, and requested him to comply with its provisions. It seems that since 1922 it had been the custom for the assessors of the municipality to prepare and mail the tax bills. There was a substantial basis in the proofs for the

finding that he did not devote such time as was necessary for "the satisfactory discharge" of his duties as an assessor, and that after July 4th, 1934, he rendered no service at all.

The first point urged is that the respondent director was without jurisdiction for the reason that the ordinance and amendment are illegal and void. The claim is that the legislature, in the General Tax act, has regulated the duties of assessors and placed their supervision and control in the hands of the county board of taxation, and vested authority to remove in the Supreme Court, and the individual justices thereof, and the state tax board.

This point has been disposed of, adversely to prosecutor, in *O'Brien* v. *Parnell,* 12 *N. J. Mis. R.* 99; 169 *Atl. Rep.* 539. There Mr. Justice Parker said that the power of removal vested in the Supreme Court, and the justices thereof, is "modeled somewhat upon section 11 of the County Board act (*Pamph. L.* 1906, *p.* 210—at *p.* 216; 4 *Comp. Stat.* 1910, *p.* 5120, § 373), conferring powers of dismissal on the state board of equalization upon complaint by a county board. Each appears to be a sort of legislative short cut aimed at the removal of an assessor who 'shall willfully or intentionally fail, neglect or refuse to comply with the constitution and laws of this state relating to the assessment and collection of taxes. * * *.' " The powers vested in these tribunals, he declared, are not "exclusive" methods of dismissing an assessor, but run "side by side with the later powers of municipal commissions created by the Walsh act of 1911 (*Pamph. L., p.* 462) and its supplements and amendments." *Cum Supp. Comp. Stat.,* § **136-1 *et seq.*"

It is next urged that the charges did not accuse prosecutor of "any neglect of his duties of office or failure to perform his duties of office." This is manifestly untenable. As herein pointed out, he was charged with a failure to render adequate service for a period, and no service at all for another period. We regard the duties imposed upon prosecutor as entirely reasonable under the circumstances, and a failure to perform them was adequate cause for removal.

Lastly, it is contended that the respondent, having made the charges, could not be both accuser and judge. This is

likewise lacking in merit. See *Zober* v. *Turner*, 106 *N. J. L.*
86; 148 *Atl. Rep.* 894; *Crane* v. *Jersey City*, 90 *N. J. L.*
109; 103 *Atl. Rep.* 678; *affirmed*, 92 *N. J. L.* 248; 103
*Atl. Rep.* 1051.

Writ dismissed, with costs.