PAUL S. GALLENA, PROSECUTOR, v. I. GRANT SCOTT, CLERK IN CHANCERY OF NEW JERSEY, DEFENDANT.

Argued June 10, 1947—Decided August 12, 1947.

For the prosecutor, *George Pellettieri.*

For the defendant, *Walter D. Van Riper,* Attorney-General, and *Joseph Lanigan,* Assistant Attorney-General.

EASTWOOD, J. This is an application for a writ of *certiorari* "to review the action of I. Grant Scott, Clerk in Chancery of New Jersey, in trying charges to dismiss prosecutor, Paul S. Gallena, from his employment or position as Chief Clerk of the Office of the Clerk in Chancery." The principal ground advanced by prosecutor for the allowance of said writ is:

"(a) That the said defendant, I. Grant Scott, Clerk in Chancery, is biased and prejudiced against deponent and had already prejudged the case as is shown by the fact that he had previously discharged deponent without any hearing and, therefore, cannot give deponent a fair and impartial trial as provided by the statute in such case made and provided."

Prosecutor's employment is concededly "in the unclassified division" under the provisions of the Civil Service Act, *R. S.* 11:4–4 (m). His appointment is under the authority of *R. S.* 2:2–20, which admittedly vested the defendant with authority to make such appointment. The aforesaid power of appointment vested in the defendant gives rise to the corollary that the defendant is vested with the authority to discharge such employee. However, it is admitted that the prosecutor is an honorably discharged veteran of World War I and by reason thereof is entitled, under the provisions of

*R. S.* 38:16–1, *et seq.,* known as the "Veterans' Tenure of Office Act," to hold his position and employment with the defendant during good behavior, and may not be removed therefrom except after a fair and impartial hearing, nor for political reasons.

Prosecutor was appointed to said position effective January 1st, 1945, on which date he commenced his employment and entered upon the performance of his duties. Defendant gave written notice to prosecutor on March 14th, 1947, that his services as chief clerk of said office were terminated effective April 15th, 1947. Defendant, upon being advised by the Attorney-General of New Jersey that, by virtue of the aforesaid "Veterans' Tenure of Office Act," prosecutor could not be dismissed from his position except for good cause shown after a fair and impartial hearing, reinstated prosecutor to his position of chief clerk. His employment in said position continued until June 30th, 1947. On April 25th, 1947, prosecutor was served with a specification of charges against him, preferred by one Helen Ryan, an employee in the office of the defendant, Clerk in Chancery. The trial of said charges before the defendant was set down for May 8th, 1947. At the hearing of said charges, and prior to the taking of any testimony, prosecutor entered a special appearance, and made a motion that the defendant disqualify himself "from trying said charges and that said charges be dismissed," on the principal ground that the defendant was "biased and prejudiced against deponent and had already prejudged the case as is shown by the fact that he had previously discharged deponent without any hearing and, therefore, cannot give deponent a fair and impartial trial as provided by the statute in such case made and provided." Other grounds were advanced by prosecutor at the same time for the dismissal of said charges against prosecutor. Prosecutor's motion was denied, as the result of which this application for writ of *certiorari* emerges. At the argument of this application, it was conceded by counsel that, if defendant is disqualified and precluded from presiding over the trial of the prosecutor, there is no other official or forum by whom the prosecutor could be tried on the charges preferred against him. Such a situation has been dealt with in the case of *Zober* v. *Turner, Director of Depart-*

*ment of Public Safety,* 106 *N. J. L.* 86; 148 *Atl. Rep.* 894. Chancellor Walker, who delivered the opinion for the Court of Errors and Appeals, stated, *inter alia:*

"There seems to be an agreement, or at least concession, to the effect that the Director of Public Safety of Passaic was the only official designated by law to try the case. The return to the. *certiorari* states that at the beginning of the hearing there was presented an objection to his trying the charge against the chief of police upon the ground that the director was prejudiced; but that counsel for the chief did not show him any law by which any person other than he could hear those charges, &c.

"The burden of the argument of counsel for prosecutor-appellant is that the official who tried the cause was biased and prejudiced against the prosecutor-appellant, but nowhere in his brief is it shown, as already mentioned, that there existed any other officer who could under the forms of law try the cause. If there had been such it may be assumed that counsel would have made the demand for another judge when the chief was arraigned before the director. Therefore, we conclude that the Director of Public Safety was the only official who could try the charges. In virtue of which fact he was obliged to try them or allow the prosecutor to go without trial, although he had an appeal in the event of an adverse finding and judgment."

Our courts have also passed upon the right of a trial judge to preside at the trial of a subordinate, on charges which may result in his suspension or dismissal from service, where said official's previous statements or conduct may be construed as indicative of prejudice or a prejudgment of the subordinate, Mr. Justice Kalisch, speaking for the Supreme Court, in *Crane* v. *Mayor and Aldermen of Jersey City et al.,* 90 *N. J. L.* 109; 103 *Atl. Rep.* 678; *affirmed,* 92 *N. J. L.* 248; 103 *Atl. Rep.* 1051, *inter alia,* said:

"The accused appeared with counsel and objected to being tried by the director on two grounds: First, that the director was disqualified to try the cause because in a letter written by that official to the chief of police of Jersey City, he had expressed an unfavorable opinion on the conduct of the prose-

cutor as a police officer; secondly, that the director was without jurisdiction to try the prosecutor sitting alone, in that the prosecutor was entitled to a trial by the entire board of city commissioners.

"These objections were overruled by the director, and the trial proceeded. Witnesses were sworn and examined and cross-examined; the accused officer being a witness in his own behalf.

"The letter which is made the basis of the prosecutor's claim that the director was disqualified to try the prosecutor upon the charges preferred against him was embodied in an order made by the director on the 21st day of February, 1915, and which order is designated as 'General Order No. 21.' A part of the letter which the prosecutor claims disqualified the director to sit in judgment reads as follows:

" 'This man is constantly reporting sick, and I am convinced that his ailments are only imaginary, with the purpose of shirking his duties. I have stated before in a communication to you that I am determined to drive such men as these out of the department and I only regret that I have not sufficient evidence to place Crane (the prosecutor) before the commissioners on charges, and recommend his dismissal.' "

\*    \*    \*    \*    \*    \*    \*

"The fact that a superior officer, in whom the law has vested the authority to try his subordinates upon charges preferred against them, has on previous occasions reprimanded or disciplined them for delinquencies in the performance of their duties does not, *per se*, in the absence of a statutory mandate forbidding it, disqualify such superior officer from trying them on charges duly preferred against them. As we are unable to discover any evidence of bias or oppressive conduct on the part of the director in the trial of the prosecutor, we are forced to the conclusion that he was not disqualified to inquire into and determine the truth of the charges made against the prosecutor."

I have reached the conclusion that the cases cited *supra,* are dispositive of this issue and there is no debatable question of the legality of the action of the defendant, which prosecutor seeks to review by *certiorari*.

I have considered the other grounds advanced by prosecutor and find no merit in them.

The application is accordingly denied.