PAUL S. GALLENA, PROSECUTOR–APPELLANT, v. I. GRANT SCOTT, CLERK IN CHANCERY, DEFENDANT-RESPONDENT.

Argued January 24, 1949—Decided February 14, 1949.

*Mr. George Pellettieri* argued the cause for prosecutor-appellant.

*Mr. Joseph Lanigan,* Deputy Attorney General, argued the cause for defendant-respondent (*Mr. Walter D. Van Riper,* Attorney General, on the brief).

The opinion of the court was delivered by

HEHER, J. On December 5, 1947, the Clerk in Chancery dismissed appellant Gallena from the position of chief clerk in his office for what was conceived to be good cause established at a hearing on specifications of misbehavior held agreeably to *R. S.* 38:16-1. Appellant's appointment to the position was made pursuant to *R. S.* 2:2-20. It seems to be conceded that the position was not within the classified civil service. *R. S.* 11:4-4(*m*). But appellant is an honorably discharged veteran of World War I, and he was therefore within the protection of *R. S.* 38:16-1, cited *supra.*

At the outset, there was an application to a justice of the old Supreme Court for a writ of *certiorari* to review the proceeding on the ground that, for bias and prejudice, the Clerk in Chancery was disqualified to hear the charges. The application was denied. *Gallena v. Scott,* 136 *N. J. L.* 70. Upon the termination of the proceeding and the ouster of appellant, there was a renewal of the application for a *certiorari* before another justice of the Supreme Court, and again it was denied. The decision was announced on April 19, 1948. The application was then addressed to the Supreme Court *en banc* (two justices sitting), and was argued at the ensuing May Term. On September 9th, the court announced that, "the judges being equally divided on the question of whether or not a writ of *certiorari* should issue, the application must fall." *Gallena v. Scott,* 137 *N. J. L.* 548. By a notice dated Septem-

ber 24th, and filed October 8th, entitled in the Appellate Division of the Superior Court organized on the prior September 15th under the Constitution of 1947, appellant advised respondent of his appeal to the new Supreme Court from "the final judgment of the Supreme Court of New Jersey entered in favor of defendant on September 9, 1948."

But there was no appealable judgment either in the old Supreme Court or in the Superior Court or its Appellate Division, and the appeal was therefore abortive.

It was the established rule prior to the adoption of the Constitution of 1947 that the granting or refusing or quashing of a common-law writ of *certiorari* was discretionary and not reviewable on error. *State v. Wood,* 21 *N. J. L.* 682 *(E. & A.* 1847); *State v. Wood,* 23 *N. J. L.* 560 *(E. & A.* 1850); *State v. French,* 24 *N. J. L.* 736 *(E. & A.* 1853); *State, Weart v. Jersey City,* 43 *N. J. L.* 662 *(E. & A.* 1881); *Morris & Cummings Dredging Co. v. Jersey City,* 64 *N. J. L.* 587 *(E. & A.* 1900); *Winegrath v. Fairview,* 77 *N. J. L.* 448 *(Sup. Ct.* 1909); *Daniel B. Frazier Co. v. Long Beach,* 110 *N. J. L.* 221 *(E. & A.* 1932); *Post v. Anderson,* 111 *N. J. L.* 303 *(E. & A.* 1933); *Ford Motor Co. v. Fernandez,* 114 *N. J. L.* 202 *(E. & A.* 1934); *Staubach v. Cities Service Oil Co.,* 130 *N. J. L.* 157 *(E. & A.* 1943); *State v. Court of Common Pleas,* 1 *N. J.* 14. The writ was *ex gratia* and not *ex debito justitise.* Moreover, the action taken did not constitute a final judgment upon the rights of the parties, or an award in the nature of a final judgment. The refusal of the writ was but a declination of jurisdiction of the matter in controversy; and the action is wanting in the attributes of a final judgment subject to review on error. It is not *res judicata* of the subject matter; there is no adjudication of the merits. The decision of the court could not be pleaded, nor relied upon as "a former judgment." The question at issue could be "again agitated before the same or a co-ordinate tribunal." *State v. Wood,* 23 *N. J. L.* 560 *(E. & A.* 1850).

Under the Judicial Article of the Constitution of 1947, the action thus sought to be reviewed by *certiorari* now lies

in the Appellate Division of the Superior Court, and is there subject to review.

By *Article XI, Section IV, paragraph* 8 of the Constitution, (a) "All causes and proceedings of whatever character pending in the Court of Errors and Appeals" were transferred to the new Supreme Court; and (b) "All causes and proceedings of whatever character pending on appeal or writ of error" in the old Supreme Court and in the Prerogative Court "and all pending causes involving the prerogative writs," were transferred to the Appellate Division of the Superior Court. It was therein further provided that for the purposes of that paragraph, and paragraphs 4 and 9, "a cause shall be deemed to be pending notwithstanding that an adjudication has been entered therein, provided the time limited for review has not expired or the adjudication reserves to any party the right to apply for further relief." Under *paragraph* 14 of *chapter* 367 of the Laws of 1948 *(Pamph. L. p.* 1500*),* "All causes and proceedings involving the prerogative writs, so transferred to the Appellate Division of the Superior Court, shall be heard and disposed of in said division;" and there is provision for the taking of evidence, if need be. The statutory class of "causes and proceedings" is embracive of "all actions, suits and special proceedings, statutory or otherwise." *Paragraph* 1. The act invests the court to which any such cause or proceeding was transferred with the full power of hearing and determination possessed by the court from which the transfer was made previous to the effective date of the Judicial Article of the Constitution of 1947, and "such additional powers in relation thereto as may be vested in it by the Constitution to hear any additional controversies in connection therewith and to fully and finally determine and enforce the rights of the parties thereto according to the right and justice of the matter." *Paragraph* 4.

These provisions of the Judicial Article of the new Constitution and the statutory implementation render reviewable in the Appellate Division of the Superior Court all pending proceedings theretofore subject to review by the discretionary common-law *certiorari,* provided the time limited for such re-

view has not expired and there was no reservation of the right to apply for further relief. By *Article XI, section IV paragraph* 8 of the Constitution, all pending causes "involving" the prerogative writs were transferred to the Appellate Division of the Superior Court; and a cause is deemed to be pending notwithstanding "an adjudication" if the time limited for "review" has not expired or the adjudication reserves the right adverted to. As we have seen, there was no final judgment on the merits of the cause in the old Supreme Court; and there was no denial by that tribunal *en banc* of the right of review by *certiorari* for want of a debatable question on the merits. The action of the court *en banc* was not conclusive of appellant's right to a review by *certiorari*. Appellant had not lost his right of review by this mode. Because of the division of opinion, there was no decision of the application. But if the application had been denied, the right of review by *certiorari* would not be foreclosed, for such denial was neither *res judicata* of the subject matter nor conclusive of the right of review. The refusal of a writ of *certiorari* did not have the characteristics of a final judgment. If it had that quality, it would be subject to review on error. *State v. Wood*, 23 N. J. L. 560 *(E. & A.* 1850*)*.

The cited provisions of the new Constitution and the statute are manifestly designed to afford a review of pending causes theretofore reviewable by *certiorari,* where the right has not been lost by efflux of time; and they are to be effectuated accordingly. Prerogative writs are superseded by the Judicial Article of the new Constitution, and, in lieu thereof, provision is made for a review, hearing and relief in the Superior Court, "on terms and in the manner provided by rules of the Supreme Court, as of right," except in criminal cases where "such review shall be discretionary." *Article VI, section V, paragraph* 4. The rule enacted pursuant to that grant of authority makes provision for a review as of right in a case such as this, in lieu of *certiorari. Rule* 3:81. And *paragraph* 7 of *Chapter* 367 of the *Laws of* 1948, *supra,* provides that in any cause or proceeding so transferred, notwithstanding an adjudication has been had, the court may, *inter alia,* or-

der a new trial, grant a rehearing or allow a review, "and afford any relief, in similar manner and to the same extent as the court from which the cause or proceeding was transferred could have done had the new Constitution not been adopted." The object of the Act is declared to be the protection of the rights and interests of the parties to the causes and proceedings so transferred, and the prevention of "surprise and injustice;" and a liberal construction to this end is directed. *Paragraphs 2, 16.*

These provisions of the Constitution are not to receive a strict technical construction but a broad and liberal interpretation in keeping with their obvious reason and spirit. The intention of the framers of the Constitution is the touchstone of construction. There must be a reasonable and practical interpretation to serve the evident general intention.

The appeal is accordingly dismissed; and the cause is remanded to the Appellate Division of the Superior Court for proceedings conformably to the Constitution, the statute, and the rules of court.

*For dismissal and remandment:* Chief Justice VANDERBILT and Justices CASE, HEHER, WACHENFELD and ACKERSON—5.

*Opposed:* None.