This appeal is from an interlocutory order entered in the Law Division of the Superior Court in a proceeding in lieu of prerogative writ.
The complaint was filed on October 26, 1948. It alleged that plaintiff was duly appointed City Attorney of Hoboken for three years next succeeding January 1, 1948; on July 14, 1948, defendant, Director of Revenue and Finance of Hoboken, took certain acts purporting to suspend plaintiff from his office as City Attorney, and since then has stopped payment of his salary; on July 29, 1948, defendant served notice of trial of certain charges against the plaintiff and fixed August 6th as the day of trial; these proceedings were stayed by a restraining order of the former Court of Chancery, dated August 5, 1948, and also by a writ of certiorari issued by the former Supreme Court on August 4, 1948, to review the suspension; the Chancery proceeding which was transferred on September 15, 1948, to the Chancery Division of the Superior Court, was dismissed by consent on April 8, 1948 (October 8, 1948), on representation of defendant that thecertiorari issued on August 4, 1948, which had been transferred to the Appellate Division of the Superior Court as of September 15, 1948, still operated as a stay; on October 21, 1948, defendant revived the charges and fixed October 27, 1948, for hearing before him. The complaint further alleged that the charges were insufficient in law and constituted an unwarranted and vexatious interference with the performance of plaintiff's duties as City Attorney, and that defendant "is biased and unable to accord the plaintiff a fair trial." It asked for the following relief: (a) that the defendant be restrained from further proceeding against the plaintiff as aforesaid; (b) that the said proceedings and charges be declared null and void and the defendant without jurisdiction thereof; (c) that *Page 10 
the defendant cause payment to be made to said plaintiff for services rendered as such City Attorney; and (d) for costs. When the complaint was filed, the plaintiff also filed notice of motion for ad interim relief by way of a restraint against the proceedings brought by the defendant against the plaintiff pending the final disposition of the cause before the Superior Court. Defendant then filed a notice of motion to dismiss the complaint on the ground that it failed to state a claim upon which relief might be granted.
On November 15, 1948, the Superior Court Judge entered an order "that the defendant, Stephen E. Mongiello, be and he is hereby restrained from proceeding on the trial of charges heretofore noticed for October 27, 1948, and mentioned in the complaint filed herein until the final hearing of the cause and the further order of this court," and "that the defendant's motion to dismiss the complaint herein for failure to state a claim upon which relief can be granted be and the same is hereby denied." The defendant's appeal is from both provisions of this order of November 15, 1948.
The first question presented is whether appeal may be taken from this interlocutory order of the Law Division. Under our former practice, appeal did not lie from an interlocutory order of a law court (Lully v. National Surety Co., 106 N.J.L. 81
(E. A. 1930)); but appeal did lie from an interlocutory order of Chancery granting, refusing, sustaining or dissolving an injunction. Morgan v. Rose, 22 N.J. Eq. 583 (E. A. 1871);R.S. 2:29-117, 118. Appellant argues that under our new rules, appeal now lies from the restraining part of this interlocutory order by virtue of Rule 4:2-2(a), and from the part refusing to dismiss the complaint by virtue of Rule 4:2-2(c). Rule 4:2-2 in pertinent part provides: "Appeals may be taken to this court from orders or judgments, whether or not interlocutory: (a) Granting, continuing, modifying, refusing, or dissolving an injunction. * * * (c) Determining that the court has jurisdiction over the subject matter or the person. * * *"
Under the new rules the filing of a complaint in lieu of a prerogative writ carries with it no stay, but provision is *Page 11 
made in Rule 3:81-5 for the granting, on motion, of "adinterim relief by way of stay, restraint or otherwise as justice may require, which relief may be granted by the court with or without terms." The power granted by this rule goes far beyond the mere power to grant a stay, such as was incident to a writ ofcertiorari, and among other things empowers the court to command or restrain the doing of any specific act. When the court enters an order under this rule which commands or restrains a specified act, it enters an injunction as that word is used in our rules. That such an order is considered an injunction, is made clear by Rule 3:65 — Injunctions, which applies to both Law and Chancery Divisions. Rule 3:65-1 provides: "The writ of injunction is superseded. Wherever the term `injunction' is used in these rules, it shall refer to an injunctive order or judgment." Rule 3:65-2 sets forth certain prerequisites for the granting of a temporary restraining order but, recognizing that restraining orders under Rule 3:81-5 are injunctions, carefully excludes such orders from the operation of this rule by providing therein: "Rule 3:65-2 shall not govern motions made underRules 3:81-5 and 3:81-12 relating to proceedings in lieu of prerogative writs." The order under appeal restrains a specified act and is, therefore, an injunction made appealable by Rule
4:2-2(a).
Did the court below err in granting the injunction contained in this order? The determination of this question requires consideration of what was before the court below when it acted. The complaint is bottomed on two allegations: (1) that the charges are legally insufficient, and (2) that the defendant is biased and unable to accord the plaintiff a fair trial.
A claim that charges to be heard before an administrative agent or tribunal are legally insufficient was no ground for the allowance of a writ of certiorari under our old practice, and consequently is no ground to support a complaint in lieu of prerogative writ under our new practice. See O'Brien v.Parnell, 12 N.J. Misc. 99 (Sup. Ct. 1933). The cases cited by respondent, in which a writ of certiorari issued, were grounded on the claim of lack of jurisdiction. *Page 12 
The complaint recognizes the defendant as the statutory agent to conduct the hearing, but objects to proceeding before him on the ground that he is biased and unable to accord the plaintiff a fair trial. No claim is made that there is any other officer who can, under forms of law, try the case. The general rule is that a statutory agent may conduct the hearing, even though biased or prejudiced, when no hearing can otherwise be held; this rule is said to be one of stern necessity. Zober v. Turner,106 N.J.L. 86 (E. A. 1930); Loughran v. Federal TradeCommission, 143 Fed.2d 431 (C.C.A. 8th 1944); People v.Sherman, 66 App. Div. 231, 72 N.Y. Supp. 718; affirmed,171 N.Y. 684, 64 N.E. 1124; 39 A.L.R. 1476. While it is true that a writ of certiorari was allowed in this case on August 4, 1948, no other case has been cited to us and our research has discovered none in which a writ of certiorari was allowed on such a claim before the hearing by the sole statutory agent. The former practice, as shown in our reported cases, was to raise the objection before the statutory agent, and when overruled to proceed with the hearing, thus preserving the objection for consideration on review by certiorari. Buckley v. Laidlaw,14 N.J. Misc. 139 (Sup. Ct. 1936); Freudenreich v. Mayor, etc.,Fairview, 114 N.J.L. 290 (E. A. 1935); Woodman v.Bianchi, 13 N.J. Misc. 452 (Sup. Ct. 1935); Zober v.Turner, 106 N.J.L. 86 (E. A. 1930); Crane v. JerseyCity, 90 N.J.L. 109 (Sup. Ct. 1917). Since the claim that the sole statutory agent to conduct a hearing is biased or prejudiced was insufficient ground for the allowance of a writ ofcertiorari, it is legally insufficient to support a complaint in lieu of prerogative writ.
We conclude that the injunctive part of the order under appeal should be reversed. Since this conclusion is based on the legal insufficiency of the complaint in lieu of prerogative writ, it follows that the complaint itself should be dismissed. This result is reached on the appeal granted by Rule 4:2-2(a) and makes any consideration of Rule 4:2-2(c) unnecessary.
The order under appeal is reversed and the court below is directed to dismiss the complaint. *Page 13