BOARD OF EDUCATION, LAUREL SPECIAL SCHOOL DISTRICT, Appellant, v. ALONZO HILTON SHOCKLEY, JR., Appellee.

(*December* 11, 1959.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Robert W. Tunnell* (of the firm of Tunnell and Raysor) for appellant.

*Joseph H. Geoghegan* (of the firm of Berl, Potter and Anderson) for appellee.

Supreme Court of the State of Delaware, No. 29, 1959.

BRAMHALL, J.:

Appellee has filed a petition for re-argument, in which he suggests that this court should have withheld its decision until the evidence relating to the September meeting of the Board has been taken and the record is complete. He states that the action of this court in finding substantial evidence to support the action of the Board necessarily assumes that the Board was free from bias and is therefore inconsistent with its direction to the Board to hear testimony relative to the September meet-

ing, as to which it was charged that the Board was guilty of bias. Appellee contends further that the effect of the bias issue on this court's application of the substantial evidence rule is a matter which reaches to the fundamental rights of appellee, denying appellee due process of law in violation of Section 7, Article 1, of the Constitution of the State of Delaware, *Del. C. Ann.*, and Section 1 of the Fourteenth Amendment to the Constitution of the United States. Appellee requests this court to clarify its position as to whether the Superior Court must reverse the Board and order the charge dismissed in the event that it should find the Board guilty of bias. We think that these questions call for further comment from this court.

Preliminarily appellee's charge of bias is objectionable as not being timely, since it was not raised in the trial before the Board. Nowhere in the record did he specifically charge the Board with being biased. We feel, nevertheless, in view of the seriousness of the charge against the Board, that we should comment upon it.

In directing that the Board permit appellee to show, if he can, that at the meeting in September the Board clearly demonstrated its bias towards appellee, we stated that we recognized the incongruity of asking the Board to pass upon the question of its own bias but that we were compelled to do so under the rule of necessity. While it is to be regretted that circumstances should arise making such a ruling necessary, the decisions of the United States Supreme Court and the highest courts in a number of states are clear that it must sit where, as here, there is no other tribunal to decide the matter. *Evans v. Gore*, 253 *U. S.* 245, 40 *S. Ct.* 550, 64 *L. Ed.* 887, 11 *A. L. R.* 519; *Board of Medical Examiners v. Steward*, 203 *Md.* 574, 102 *A.* 2d 248; *Molloy v. Collins*, 66 *R. I.* 251, 18 *A.* 2d 639; *Zober v. Turner*, 106 *N. J. L.* 86, 148 *A.* 894; *State ex inf. Barrett ex rel. Bradshaw v. Hedrick*, 294 *Mo.* 21, 241 *S. W.* 402. This rule was also recognized in the Superior Court of this state in the case of *Lammot v. Walz*,

9 *Terry* 532, 107 *A.* 2d 905. See generally, 2 *Davis Adm. Law,* Sec. 12.04.

Where substantial evidence is presented showing that such a board is guilty of bias, a court will examine closely both the evidence before the Board and the reason or reasons upon which its findings are based. But it is still bound by the rule as laid down in Title 14 *Del. C.* § 1414, which provides specifically that the courts should sustain any Board action which is supported by substantial evidence.

Applying the statute to the circumstances of this case as now presented, we think that the Board must receive such pertinent evidence as the teacher may offer upon the issue of bias. The Board should then re-evaluate *all* the evidence and determine whether its prior ruling should stand. If it adheres to its former decision and the teacher elects to appeal, the Superior Court must then re-evaluate the case as a whole in the light of all the evidence and determine whether its prior decision should stand. If, however, after such re-evaluation, taking into consideration this Court's opinion on the merits, the Superior Court should find that there is substantial evidence to support the finding of the Board, it must, in view of the statute and of our prior opinion, affirm the Board's finding. We repeat, however, that in such a re-evaluation the Superior Court should scrutinize the Board's determination with great care in the event that bias has been shown. *Wisconsin Telephone Co. v. Public Service Commission,* 232 *Wis.* 274, 287 *N. W.* 122, 149, 593.

To the extent that any statement in our former opinion is inconsistent with the procedure above set forth, that opinion is modified accordingly.

The petition for re-argument is denied.