59 N.J. Super. 135 (1959)
157 A.2d 351
TWO GUYS FROM HARRISON, INC., A CORPORATION, PLAINTIFF AND CHANNEL LUMBER CO., A CORPORATION, INTERVENING PLAINTIFF,
v.
DAVID D. FURMAN, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY RE: ALLEGED CONTEMPT OF HON. GUY W. CALISSI.
Superior Court of New Jersey, Law Division.
Decided December 16, 1959.
*136 Mr. John J. Clancy, assigned attorney for prosecutor.
Hon. Guy W. Calissi, attorney pro se.
*137 WAUGH, A.J.S.C.
This is a contempt proceeding against Guy W. Calissi, Bergen County Prosecutor, for allegedly violating the November 13, 1959 order of Judge Scherer granting an ad interim restraint against enforcement of L. 1959, c. 119, N.J.S.A. 2A:171-5.8 et seq., the so-called Sunday Closing Law. The contempt proceeding came before the court on notice in the then pending action. Preliminarily, the court informed the defendant, who appeared pro se, of the essential facts constituting the contempt. The defendant agreed that the contempt charged was criminal in nature and entered a plea of not guilty. By consent the matter was heard by the court without a jury. Counsel for the plaintiff in the action acted as prosecutor of the proceedings. R.R. 4:87-2.
It is not disputed that the defendant in this proceeding did in fact cause arrests to be made for violations of the said chapter 119 subsequent to the issuance of the restraint by Judge Scherer of which he concedes he had actual knowledge. His position is that the restraint did not apply to him because he was not made a party to the action. Further, that it was his duty as prosecutor to enforce the law. The court notes that the majority of the arrests were not made against the plaintiff, as contended by counsel for the plaintiff, but rather against a separate corporate entity, although this, of course, has no bearing on the decision.
Is the defendant in contempt?
The determination of this question turns on the nature and effect of the restraint ordered by Judge Scherer. Plaintiff's counsel asserts that the order had the effect of a common law supersedeas and would, in effect, lift the statute off the books so that the order would be binding not only on the parties to the action, but also on all those who had knowledge of the order.
Counsel for plaintiff predicates this position, as he states in his memorandum of law:
"Under the old certiorari practice, which was the traditional procedure for reviewing the validity of statutes, ordinances, regulations, *138 and the like, the mere issuance of the writ operated as a stay. Anyone having notice of the issuance of the writ was bound thereby."
The dictum of Justice Jacobs, then judge of the Appellate Division, supports plaintiff's contention that a supersedeas under R.R. 4:88-5 is "governed by prerogative writ precedents." Haines v. Burlington County Bridge Commission, 1 N.J. Super. 163, 173-174 (App. Div. 1949). In a proper case a stay might be ordered in an action in lieu of prerogative writs which would have the effect of the former supersedeas; however, this is only one of the various types of relief that a court may render in such an action.
"Under the new rules the filing of a complaint in lieu of prerogative writ carries with it no stay, but provision is made in Rule 3:81-5 for the granting, on motion, of `ad interim relief by way of stay, restraint or otherwise as justice may require, which relief may be granted by the court with or without terms.' The power granted by this rule goes far beyond the mere power to grant a stay, such as was incident to a writ of certiorari, and among other things empowers the court to command or restrain the doing of any specific act. When the court enters an order under this rule which commands or restrains a specified act, it enters an injunction as that word is used in our rules." Rinaldi v. Mongiello, 4 N.J. Super. 7, 10-11 (App. Div. 1949) (reference is made to rule number prior to 1953 revision, now R.R. 4:88-5).
It is, therefore, clear that an injunction may be issued in an action in lieu of prerogative writ under R.R. 4:88-5, and if so issued, its scope would be limited by our rules of court pertaining to injunctions, more particularly R.R. 4:67-5 dealing with the scope of an injunction or restraining order. Cf. Rinaldi v. Mongiello, 4 N.J. Super. 7 (App. Div. 1949), where after finding the restraint issued under R.R. 4:88-5 was an injunction, the court allowed an interlocutory appeal.
Was Judge Scherer's order in the nature of a supersedeas as plaintiff contends, or was it an injunction subject to the limitations of R.R. 4:67-5? Although the forms of action have been changed by the new rules, we must examine the former practice to determine the applicability of the old precedents.
*139 The common law writ of supersedeas was used for the purpose of staying proceedings in an inferior court pending the review of a cause and as a relief against execution. 83 C.J.S., Supersedeas § 1. Under the former certiorari practice in New Jersey, the granting of a writ of certiorari "operates as a supersedeas and at once puts an end to further proceedings in the cause or matter removed for review." Hunt v. Common Council of City of Lambertville, 46 N.J.L. 59, 60 (Sup. Ct. 1884).
"The reason for the rule is that by the command of the writ the record is taken from the inferior board, or tribunal, and nothing is left for enforcement either by execution or otherwise, to operate upon." Harris, Pleading & Practice in New Jersey, § 747 (1926).
For an interesting discussion of the history of supersedeas, see the opinion of Beasley, C.J. in McWilliams v. King, 32 N.J.L. 21 (Sup. Ct. 1866).
The usual review of municipal action, whether of boards, governing bodies, or officials, presents no problem because in such cases as a certiorari would have been granted the record is taken from the municipality and nothing is left for enforcement. Under modern practice the constitutionality of legislative action has been tested either by civil actions in lieu of prerogative writ or by declaratory judgment actions. For examples of the former, see Hertz Washmobile System v. Village of South Orange, 25 N.J. 207 (1957), and Auto-Rite Supply Co. v. Woodbridge Township, 25 N.J. 188 (1957), both involving the construction of municipal ordinances. In Gundaker Central Motors v. Gassert, 23 N.J. 71 (1956), the action was in lieu of prerogative writs, but no stay of any kind was granted until after final hearing, and subsequent thereto the form of injunction was very explicit as to those upon whom it would be binding.
Declaratory judgment alone was sought in In re Van Syckle, 118 N.J.L. 578 (E. & A. 1937); New Jersey *140 Turnpike Authority v. Parsons, 3 N.J. 235 (1949); Abbott v. Beth Israel Cemetery Ass'n of Woodbridge, 13 N.J. 528 (1953). In the last cited case Justice Burling points out, at page 539, how the same test of the statute could have been accomplished by certiorari.
Recently, a practice has arisen in a number of cases, including the Sunday closing cases, to test constitutionality by a single complaint in lieu of prerogative writ and for declaratory judgment. See Sarner v. Township of Union, 55 N.J. Super. 523 (Law Div. 1959). The present action was started by such a complaint.
After reviewing the authorities, regardless of plaintiff's theory in making the Attorney General the only party defendant, either that a restraint against him would bind all the county prosecutors or for the purpose of having him defend the constitutionality of the statute, or both, I come to the conclusion that Judge Scherer's order was not and could not be a supersedeas. It lifted no record from any inferior board or court.
This court finds that the order alleged to have been violated was a preliminary injunction. The court draws comfort, if not authority, from the concluding sentence of Judge Scherer's opinion, issued subsequent to the date of the alleged contempt, in which he states, after holding that the statute under consideration is constitutional: "The preliminary injunction will be dissolved." Furthermore, it appears that an alternative form of order presented containing a restraint against the various prosecutors was refused because they were not parties defendant and no notice of the proposed order had been given to them.
This court has also noted that subsequent to the issuance of the restraint by Judge Scherer against the Attorney General, reference was made thereto in a complaint filed in Bergen County and an application made to Judge Leyden in Bergen County seeking a restraint against the defendant here from enforcing chapter 119. Judge Leyden did not regard the order of Judge Scherer as a supersedeas, for he *141 denied the order "as premature and against public policy for the court to restrain a prosecutor from performing his duty."
The question remaining to be determined is whether the accused comes within the rule that an injunction "is binding only upon such parties to the action, such of their officers, agents, servants, employees, and attorneys, and upon such persons in active concert or participation with them as receive actual notice of the order by personal service or otherwise." R.R. 4:67-5.
Counsel for plaintiff asserts the relationship between the Attorney General and the county prosecutor would bring the defendant here within the scope of the injunction, and relies for this proposition on the language of our Supreme Court that "there is a close and healthy coordination which should always exist between the two offices." Morss v. Forbes, 24 N.J. 341, 370 (1957).
Indeed, the overall cause of respect for law enforcement generally would have been well served in the present instance by coordination and cooperation between the Attorney General and the several prosecutors involved. However, the court finds much more persuasive the conclusion arrived at by Justice Wachenfeld after an exhaustive examination of the historical development of the evolution of these offices,
"which strongly reaffirms that the prosecutors are largely independent of control by the attorney general, who may intervene in the criminal matters of the county primarily by way of supersession upon request or as otherwise specifically provided by statute.

* * * * * * * *
* * * There is no ordinary chain of command between the attorney general and the county prosecutors. R.S. 52:17A-5 points up the essential independence of the two offices and the disparateness of their powers." Morss v. Forbes, 24 N.J. 341, 369 (1957).
The only party defendant in the action from which the restraint was issued was the Attorney General, and in light of the foregoing authority there is no relationship between the Attorney General and the county prosecutor *142 whereby the injunction in this case would be binding on the latter under R.R. 4:67-5. The order signed by Judge Scherer was not binding upon the Bergen County Prosecutor and no contempt may be predicated upon his subsequent enforcement of the statute in question.
The court finds the defendant, Guy W. Calissi, not guilty of the contempt charged.