SOL J. WALLACH, APPELLANT, v. LOUIS STEIN, RESPONDENT.

Submitted October 29, 1926—Decided January 31, 1927.

Section 13 of the Uniform Stock Transfer act (*Pamph. L.* 1916, *p.* 398), which reads as follows: "No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation

which issued it, or its transfer by the holder be enjoined," is constitutional, and a sale of stock by the sheriff without seizure of the stock certificate confers no title on the purchaser unless the certificate be surrendered to the issuing corporation or its transfer enjoined.

On appeal from the Supreme Court, whose opinion is reported in 102 *N. J. L.* 517.

For the appellant, *David Bobker* (*Harry Unger* and *William M. Atkinson,* of counsel).

For the respondent, *Philip J. Schotland.*

The opinion of the court was delivered by

LLOYD, J. On the question presented to the Supreme Court in this case, viz., the applicability of the "Uniform Stock Transfer" act of 1916 (*Pamph. L., p.* 398; *Cum. Supp. Comp. Stat., p.* 690) to a sale of shares of stock in a corporation upon execution, we agree with the conclusion reached by that court and with the reasoning upon which that conclusion is based.

Appellant, however, seeks to raise in this court the constitutionality of section 13 of the act there construed and applied, contending that it is without the purview of the title and thus runs counter to paragraph 4 of section 7 of article 4 of the state constitution, which requires that "every law shall embrace but one object, and that shall be expressed in the title."

We might well decline, under the settled practice here, to consider the question. In view, however, of the importance of the act and the fact that the Supreme Court has itself twice adverted to the possible unconstitutionality of this section (see opinion below and *Mulock* v. *Ulizio,* 102 *N. J. L.* 251), it may well be that this is one of those exceptional cases in which public policy requires that the question should be put at rest by authoritative declaration of this court, involving as it does the validity in part of a statute of wide application and of general interest. *McMichael* v. *Horay,* 90 *N. J. L.* 142; *Franklin* v. *Millville,* 98 *Id.* 262. We, therefore, proceed to examine it.

The section involved reads:

"No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined."

The act is one of a number recommended by the American Bar Association to the various state legislatures, and upon such sponsor it was adopted by our own legislature. As its title indicates, its purpose is "to make uniform the law of transfer of shares of stock in corporations;" and, as we think, to cover the range of titles whereby this result could be effected. Shares of stock are now possibly the most widely prevalent form of title to joint interest in property, and their certificates are to the possessor the evidence of his right. As is commonly known, millions of shares are transferred daily from one owner to another, and in the stock exchanges of the country comprise perhaps the major part of their transactions. On small pieces of paper are written the evidence of fortunes. It is therefore of great importance that these titles should rest upon a sure foundation. It is to safeguard these that the act was passed; and, as declared in section 19, to make uniform the law of transfer with that of other states enacting it.

There are many ways by which stock ownership may pass from one person to another. It may pass by assignment direct; by sale on execution; by judicial sale under decree of court, or by decree direct, and, perhaps, by other methods. Appellant seems to conceive that only the first is foreshadowed in the title of the act. We do not so regard it. The language used is the "transfer of shares." It implies any means whereby one may be divested of and another acquire the ownership of stock. It would be difficult to select a word of more comprehensive import than that employed here, or a word better adapted to indicate its obvious purpose—transfer of shares; not their sale or assignment alone, but, as the word implies (*Webs. Dict.*), "any act by which the property of one person is vested in another." One reading the title would of necessity be put on guard to examine the body of the act

to ascertain the various means of transfer contemplated by its title.

As has been indicated in earlier decisions, the title of an act is neither a table of contents nor an index, but a label pointing the way to that which is to follow. "In giving effect to this constitutional provision, the courts give paramount consideration to the general object of the act—the general purpose of the legislative scheme. The general object of the act being ascertained, the power of the legislature is vindicated to include in it provisions of a multiform character, designed to carry into execution the legislative purpose, which are not inconsistent with, or foreign to, the general object of the act." *Easton and Amboy Railroad Co.* v. *Central Railroad,* 52 *N. J. L.* 267, 272. In *Newark* v. *Mt. Pleasant Cemetery Co.,* 58 *Id.* 168, 171, this court said: "That when a court is called on to determine whether a statute conforms to this requirement of the constitution [the one in question], the first duty is to scrutinize its provisions to see if they disclose the general object of the legislation. Then, if that object be one, and the various provisions of the statute tend to carry it out, and are not incongruous or improperly related, this requirement will have been complied with."

It is needless to cite the numerous authorities in which legislation under titles of similar character has been sustained. As we view the act it presents no question of doubtful constitutionality, much less of assured unconstitutionality.

Its object is single, and section 13 falls squarely within that object.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.