JAMES BOWEN, complainant,

*v.*

HUGH I. MAGEE et al., defendants.

[Decided December 19th, 1935.]

*Messrs. Melosh, Morten & Melosh,* for the complainant.

*Mr. Harry Tartalsky* and *Messrs. Rosenberg, Ross & King,* for the defendants.

EGAN, V. C.

The complainant seeks a decree to set aside, or void an alleged claim of title or interest of Joseph J. McGinley in sixty-six shares of stock in the Hudson Transit Company, a corporation. The stock was issued to Hugh I. Magee, the defendant, and stands in his name on the books of the company. The complainant recovered a judgment against Magee for $11,600.04 damages, and costs; execution was issued out of the New Jersey supreme court and returned by the sheriff of Hudson county unsatisfied. The bill herein was filed and, thereunder, an order was issued enjoining transfer by Magee of the stock held by him in the Hudson Transit Company.

On July 22d, 1934, Magee's wife, Mary, delivered to her brother, the defendant McGinley, the sixty-six shares of stock; there was no written assignment of the stock, nor was

the certificate of transfer signed by Magee to McGinley. The Hudson Transit Company became insolvent and the proceedings incident thereto were terminated and part of the assets were allocated to the stock standing in the name of Magee; the allocation consists of the money which, by order of this court made November 1st, 1935, is now on deposit with the clerk of this court.

The complainant takes the position that Magee's stock has never been legally transferred; that it is subject to levy under the execution issued on complainant's judgment; that the levy upon such stock on December 12th, 1934, by the sheriff of Hudson county was a valid levy under section 13 of the Uniform Stock Transfer act (*P. L. 1916 ch. 191: Cum. Supp. Comp. Stat. 1911-1924 p. 693*), because the transfer of the stock by the holder thereof had been enjoined by order of this court on July 2d, 1934.

Was there a valid assignment, or transfer, of the stock given to McGinley? Stock may be the subject of a gift, but the transfer of title thereto is effected by endorsement of the certificate of transfer, or the delivery of the certificate of stock must be accompanied by a written assignment or power to assign. *Pattberg* v. *Gott, 102 N. J. Eq. 371; 140 Atl. Rep. 795.*

The defendant contends that he held the stock as a pledge for loans advanced by him to Magee and his wife; but there was no corroborating evidence of a pledge submitted. He enumerated loans made by him to Magee and his wife in 1922, 1925, 1928 or 1929, and 1931. The reason given by McGinley why the stock had not been transferred upon the books of the company, or why a written assignment was not given, is that Magee told him it was necessary for him, Magee, to retain the stock in his own name in order to maintain, or secure, his right to operate his bus under his permit, or license; that unless he could submit some evidence of interest or title in the bus when called upon to do so, his license to operate it would be revoked. By the Uniform Stock Transfer act (1916) (*P. L. 1916 ch. 191, supra*), title to certificates, and the share of stock thereby represented, issued since the taking of effect of said act, can only be transferred by delivery

of the certificate either endorsed or else coupled with an assignment or power of attorney as provided for by section 2 of that act. *Cum. Supp. Comp. Stat. 1911-1924 p. 691 § 47-151.*

The shares of stock were delivered as above stated on July 22d, 1934. The execution was issued on July 2d, 1934, some twenty days before the stock was delivered to the defendant. The defendant resides in the State of Pennsylvania and his testimony was faulty, uncertain and doubtful as to the manner and form of the delivery of the stock to him; he was not sure that he received it through the mails, or whether it was handed to him in person. Since the defendant was not within the jurisdiction of the court, and the stock allegedly was in the possession of the defendant or his wife at the time the writ of execution was issued, it, therefore, follows that the levy under the provisions of section 13 of the Uniform Stock Transfer act was sufficient and effective. Section 13 of the Uniform Stock Transfer act (*P. L. 1916 p. 398, supra*) reads as follows:

"No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or by surrendering to the corporation which issued it, or *its transfer by the holder be enjoined.*"

An order enjoining the transfer of the stock was issued as hereinabove expressed. *Wallach v. Stein, 103 N. J. L. 470; 136 Atl. Rep. 209.* Section 14 of the Uniform Stock Transfer act reads as follows:

"A creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction, by injunction and otherwise, in attaching such certificate or in satisfying the claim by means thereof as is allowed at law or in equity, in regard to property which cannot readily be attached or levied upon by ordinary legal process."

Under the circumstances, the levy being sufficient, the complainant is entitled to the moneys, representing the value of the defendant's stock, now on deposit with the clerk of this court. I shall advise an order to conform to the views herein announced.