THE STATE OF NEW JERSEY, EX REL., WM. ECKELMANN, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. HAROLD J. JONES, DEFENDANT-RESPONDENT.

Decided April 24, 1950.

376

For the motion, *Mr. James A. Major* (*Mr. Joseph H. Gaudielle,* attorney).

The opinion of the court was delivered by

VANDERBILT, C. J. The defendant petitioned for a reargument of the appeal on two grounds that are of such general interest that we deem it advisable to set forth our views thereon.

The first ground is that this Court, after requesting counsel to argue the point first raised in the respondent's brief, declined to rule on the constitutionality of *R. S.* 40:47–4 because the question had not been raised below.

The appeal here was from a judgment of the Law Division of the Superior Court, dismissing an information in the nature of a writ of *quo warranto*. The appeal was taken to the Appellate Division and certified by this Court on its own motion. After argument we reversed the judgment below and entered

judgment for the plaintiff. As Point V of his brief the defendant alleged that *R. S.* 40:47–4 was unconstitutional and counsel were requested by the court to give attention to this point in their argument. In our opinion this constitutional question was disposed of as follows:

"The defendant's next contention, to escape the operation of this statute, is that it is unconstitutional as by its terms it is subject to another statute that permits a veteran to deduct five years from his age. Whatever the merits of this attack on the constitutionality of *R. S.* 40:47–4 may be, they need not be resolved here. There is nothing in the record even to hint that this argument was raised at either the pretrial conference or the trial and, this being so, the defendant should not be permitted to raise it on appeal."

The defendant now urges that this is error, citing *Bradner, New Jersey Law Practice,* 676, § 731, wherein it is said that the appellate court will not consider "Points of law not considered by lower court unless involving matters of public policy or constitutional questions." The cases cited by Bradner, however, to support this statement demonstrate the correctness of our ruling and the weakness of the defendant's contention. In *McMichael v. Horay,* 90 *N. J. L.* 142 (*E. & A.* 1917), the court affirmed the judgment below on grounds of public policy not considered below. Commenting on its power so to do the court said (*p.* 145):

"This court held in *State v. Heyer,* 89 *N. J. L.* 187, that a question not presented and argued in the court below will be held to have been waived and abandoned, and will not be considered in an appellate tribunal. But this must be read in the light of our holding in *State v. Shupe,* 88 *Id.* 610, where it was decided that a court of last resort need not hear a party on a question which could have been, but was not, raised in an intermediate court of appeal, except where the question goes to the jurisdiction of the subject-matter or where a question of public policy is involved. The true doctrine is that a court of appeals need not, not that it cannot, decide a question arising on a record before it, which was not raised in a court below, whether that court be an intermediate court of appeals or a court of first instance."

Five years later the court of last resort refused to consider a constitutional question not raised below and affirmed the

judgment under review, *Mahnken v. Meltz*, 97 *N. J. L.* 159 (*E. & A.* 1922). With respect to the constitutional question before it, the court stated (*p.* 165):

"The next point is that the act just mentioned is unconstitutional, in that its title is defective. Defendants-respondents assert in their brief that this point was not raised or argued in the court below and therefore cannot now be urged. In the reply brief *it is stated for appellant that the constitutional question was fully raised by elaborating objections to the affidavit and asserting the invalidity of the entire proceedings, and that these questions were raised on the removal of the case to this court.* An examination of the nine reasons filed in the Supreme Court fails to disclose, or even suggest, that the act under which the proceedings were brought is unconstitutional. Where the Supreme Court sits as a reviewing tribunal, as it did in this case, questions not argued there will ordinarily not be noticed here, but may be if they involve jurisdiction or public policy. See *State v. Belkota*, 95 *N. J. L.* 416; *State v. Snell*, 96 *Id.* 299. But, as above remarked, the jurisdictional question of defective title of the act under which these proceedings were instituted, was not even raised in the court of first instance, and, consequently, could not have been argued in the court of intermediate appeal, as it was not, and it will not, be noticed here."

The third case cited by Bradner is *Wallack v. Slein*, 103 *N. J. L.* 470 (*E. & A.* 1927), where the court considered a question as to the constitutionality of a section of the Uniform Stock Transfer Act when that question had not been raised below, but, finding the provision constitutional, affirmed the judgment under review. The court here said (*p.* 401):

"We might well decline, under the settled practice here, to consider the question. In view, however, of the importance of the act and the fact that the Supreme Court has itself twice adverted to the possible unconstitutionality of this section (see opinion below and *Mulock v. Ulizio*, 102 *N. J. L.* 251), it may well be that this is one of those exceptional cases in which public policy requires that the question should be put at rest by authoritative declaration of this court, involving as it does the validity in part of a statute of wide application and of general interest. *McMichael v. Horay*, 90 *N. J. L.* 142; *Franklin v. Millville*, 98 *Id.* 262. We, therefore, proceed to examine it."

In the last case cited by Bradner, *State v. Guida*, 119 *N. J. L.* 464 (*E. & A.* 1938), the court considered the constitutionality

of a statute under which the defendant had been convicted, and upheld it, even though the question had not been raised below. Mr. Justice Heher there said:

"Although not raised in the Quarter Sessions, we conceive that the constitutional questions raised here and in the Supreme Court should be determined. They are fundamental. If the statute contravenes the Constitution of New Jersey, the judgment under review is a nullity. If that is so, the indictment does not charge a crime. Public policy is ill-served by convictions as for crime under a void statutory provision."

■ ■ These cases, which are in accord with the general rule in other states, 3 *Am. Jur., Appeal and Error,* §§ 287, 293, and 4 *C. J. S., Appeal and Error,* §§ 233a, 234, clearly indicate that the true rule is that the appellate court *may, but need not* consider constitutional questions not raised below unless they involve jurisdiction. In this case there are no special circumstances existing which would prompt this Court to exercise its discretion and consider on this appeal a constitutional question not previously raised, and the rule is correctly stated in the opinion, for it states that "Whatever the merits of this attack on the constitutionality of *R. S.* 40:47–4 may be, they *need not* be resolved here."

In addition to these pertinent authorities under the former practice we would direct particular attention to *Rule* 1:3–2(c):

"\* \* \* If the questions involved include any not presented to the court below, this fact shall be noted. The foregoing requirements are to be considered in the highest degree mandatory, admitting of no exception."

This rule despite its imperative nature was not complied with in this case.

The second argument made in support of the motion for reargument was not mentioned in the briefs of either party nor was it adverted to at the oral argument. It is now tendered to us for the first time. It amounts to a contention that this appeal is not, or at least should not be, an appeal and

that an opportunity to raise constitutional questions was never previously available to the defendant. This action was commenced on June 10, 1948, by filing an information in the nature of a writ of *quo warranto*. The defendant's plea in answer thereto was filed on August 6, 1948. On September 15, 1948, by virtue of Article XI, Section IV, paragraph 8 of the Constitution of 1947, the proceeding was automatically transferred to the Appellate Division of the Superior Court. The defendant states in his motion papers that when the case was called for pretrial on September 28, 1948, the pretrial judge held that he had no authority to proceed but that the case would have to be disposed of in the Appellate Division. No indication of this is to be found in the record before us. The pretrial order makes no mention of this; it is in the usual form, and clearly states the issues to which the parties agreed to limit the trial. The defendant continues in his motion papers here to state that on February 21, 1949, an application was made to the Appellate Division for a rule referring the issues to the Law Division of the Superior Court in Bergen County for trial and that such an order was made. Again, the record on appeal is silent, containing neither the application for the order nor the order, and no mention of them has been made prior to this motion. The defendant now tells us that the trial judge took the view that he was to try the entire issue and refused to impanel a jury to try the questions of fact. The record shows only that in a colloquy of court and counsel at the time of trial on June 6, 1949, the defendant requested the court to impanel a jury to determine the single question as to when and where the letter of June 16, 1944, was signed—whether it was before or after the appointment of the defendant—and that the trial judge, over objection, denied the request on the ground that there was no jury question involved. No request was ever made to have any other facts determined by the jury, and no objection was made to the effect that the trial judge had no authority to try the case, either before, during, or after the trial, and he proceeded to try all the issues involved in the case. The defend-

ant continues by saying that when the opinion of the trial judge was filed, he was directed by the clerk of the court to file a rule for judgment, which he did. The record before us contains the opinion of the trial court (which makes no mention of the matters set forth in these motion papers) and the judgment, presumably prepared by the defendant, ordering that the proceedings be dismissed.

Nothing in either of these documents or in the notice of appeal indicates that either of the parties considered that their case had not been duly tried and finally determined. Despite all this, the defendant further states in his motion here:

"It was our view at the trial that the cause was actually pending in the Appellate Division pursuant to the constitutional mandate and that Judge Waesche was simply an agent of that court to determine a question of fact through the assistance of a jury.

"In our brief filed with the Appellate Division, the constitutional question was properly raised. Just how it could be raised before Judge Waesche in view of the position we took, supported as we are by the express language of the constitution, we do not know.

"The correct procedure should have been a report to the Appellate Division of the facts found, with judgment to be entered on such a finding as a matter of law. At that time all legal objections to the judgment could have been raised. The trial court refused to follow this procedure. We do not see how that can preclude us from raising the constitutional question in the very court authorized by the Constitution itself to hear it."

This statement is inconsistent with the record and with the entire conduct of the defendant up to the time of the making of this motion. Whatever the appropriateness of the procedure, it is apparent that both the defendant and the plaintiff considered that the trial judge was trying their case in its entirety. When judgment was entered in the Law Division there is every reason to believe that both parties considered the judgment final and dispositive of the matter, subject, of course, to an appeal. When the plaintiff appealed to the Appellate Division and the parties filed their briefs, there is every reason to believe that they considered it a *bona fide* appeal from a *bona fide* judgment. Not until this motion for a rehearing has the defendant even suggested that the appeal was other than

properly taken and that he did not have opportunity previously to raise and have determined all his defenses of whatever nature. If, as is now argued, the defendant thought all along that the trial and the appeal were improper, he made no effort to so advise the Court, perhaps feeling comfortable in the fact that he had· a judgment in his favor.

 This case was transferred by Article XI, Section IV, paragraph 8(b) of the Schedule annexed to the Constitution from the former Supreme Court to the Appellate Division of the Superior Court and normally would and should have been there heard and disposed of, after the taking of evidence before a judge of the Law Division upon such terms as the Appellate Division deemed proper, R. S. 2:16–83. The parties, however, tried the case before the Law Division in the same manner as if it had been commenced there subsequent to Septembr 15, 1948, and with the apparent understanding that it would there be finally determined. The judgment of this court entered on appeal will, therefore, not be disturbed unless the Law Division lacked jurisdiction to enter the judgment from which the appeal was taken. Such is not the case. The Law Division is not without jurisdiction to determine this matter; rather it is a proper tribunal for the determination of such proceedings in lieu of prerogative writs, Article VI, Section V, paragraph 4 and Rule 3:81–2. Article XI, Section IV, paragraph 8(b), pursuant to which this case was transferred to the Appellate Division, was not intended to restrict, or otherwise limit or define the jurisdiction of the Superior Court as set forth in the Judical Article of the Constitution; but rather to protect the rights and interests of the parties to the causes transferred thereby. As was pointed out in Gallena v. Scott, 1 N. J. 430, 436 (1949), "These provisions of the Constitution are not to receive a strict * * * construction but a broad and liberal interpretation in keeping with their obvious reason and spirit."

Even though this action was brought on for trial before the Law Division of the Superior Court in an irregular fashion, that Division did not lack jurisdiction. One of the great

virtues of our new Constitution is that it minimizes opportunities for jurisdictional disputes. The Superior Court is but a single court, Article VI, Section I, paragraph 1, having general statewide jurisdiction in all causes, Article VI, Section III, paragraph 2. The judges of the Superior Court may be assigned to the several divisions of the Court, Article VI, Section III, paragraph 3, yet each judge exercises, subject to the Rules, all the power of the Court, Article VI, Section III, paragraph 1. In *Steiner v. Stein*, 2 *N. J.* 367 (1949), we indicated the considerations which governed the allocation of causes between the Law and Equity Divisions. Although the constitutional provisions involved in that case differ in part from those in this case, the reasoning there is nonetheless pertinent here. We conceive it to be quite impossible for a litigant to go on to trial in one Division of the Superior Court and then assert, after judgment, a right to be heard, except on appeal, in another. To hold otherwise would be to revive one of the worst defects of the old order and to do violence to both the letter and the spirit of the new Constitution.

The petition for a reargument is denied.

*For denial*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD and BURLING—6.

*For granting*—None.