ISOTHERMICS, INC., Plaintiff,

v.

U. S. ENERGY RESEARCH & DEVELOPMENT AGENCY, Robert C. Seeman, Jr. (Administrator), James Denney (Ass't. Gen'l Counsel of ERDA), Robert M. Poteat (Deputy Ass't. Gen'l Counsel for Patents of ERDA), Suzuki Metal Ind. Co., Ltd, Tokiko Mfg. Co., Furukawa Electric Co., Ltd., and Sumitomo Electric Co., Defendants.

Civ. No. 77–0698 (VPB).

United States District Court,
D. New Jersey.

Aug. 1, 1977.

---

Mel K. Silverman, Silverman & Jackson, Clifton, for plaintiff.

Brian D. Burns, Asst. U. S. Atty., Newark, N.J., for federal defendants.

## OPINION

BIUNNO, District Judge.

Isothermics, Inc. (ISO) filed a complaint against the U.S. Energy Research & Development Agency, its Administrator, its Assistant General Counsel and its Deputy Assistant General Counsel for Patents (collectively, ERDA). Jurisdiction is claimed under § 10(d) of the Administrative Procedure Act, 5 U.S.C.A. § 705, and venue is claimed under 28 U.S.C. § 1391(e)(4).

The complaint says that ERDA is the owner of a Japanese patent, No. 482,141, "Heat Transfer Device", and that ISO is the holder of a non-exclusive license to use that patent, effective December 19, 1975. It says that ISO has attempted to persuade ERDA that (a) ISO is entitled to greater rights than were included in the license, and (b) that ERDA cannot license foreign entities. Whether the proceedings in which the effort so to persuade ERDA were formal or informal is not disclosed; but in any event it is said that on March 16, 1977, the Deputy Assistant General Counsel for Patents ruled, for ERDA, that there was no intention to grant ISO an exclusive license, and that additional non-exclusive licenses were intended to be granted to Japanese companies who compete with ISO.

Under ERDA regulations, a notice of an administrative appeal was filed with ERDA. ISO says that despite the appeal, it is concerned that ERDA will grant licenses to foreign competitors before disposition of the appeal.

The only demand in the complaint is for a preliminary injunction, with temporary restraining order, to prevent the grant of further licenses until the ERDA appeal has been heard and decided. Finally, the complaint reserves the right to request plenary review of any final action of ERDA, and to request a trial by jury.

At a hearing held April 15, 1977 on the application for temporary restraining order,

that request was denied. Doubt of jurisdiction to hear the matter at all was expressed, particularly in view of 28 U.S.C. § 2342(4), placing exclusive jurisdiction in the Court of Appeals to enjoin, set aside, suspend (in whole or in part), or determine the validity of all final orders of the Atomic Energy Commission made reviewable by 42 U.S.C. § 2239. The Atomic Energy Commission is evidently the predecessor of ERDA. See, the Energy Reorganization Act of 1974, 5 U.S.C. § 5313–5316; 42 U.S.C. § 5801 and note, §§ 5811 to 5820, 5841 to 5849, 5871 to 5879, and 5891.

The former Atomic Energy Commission was abolished and all its functions were transferred to the Administrator of ERDA, 42 U.S.C. § 5814. The reorganization law also contained transitional provisions. One of these directs that final orders and actions in the performance of functions transferred shall be subject to judicial review to the same extent and in the same manner as if such orders or actions had been made or taken immediately before the effective date of the reorganization law.

In the intervening period, Congress evidently has not gotten around to amending either 42 U.S.C. § 2239, which creates the right to have judicial review, or 28 U.S.C. § 2342(4), which places the exclusive jurisdiction thereof in the Court of Appeals.

At the hearing of April 15, 1977, the court raised the further question whether the Japanese companies under consideration for grants of non-exclusive licenses ought not to be joined as necessary, if not indispensible parties. It seemed that they would likely be the actual adversaries, the real parties in interest, to whatever proceeding was before ERDA. Also, absent their joinder, they might obtain both legal rights and intervening equities superior to ISO's. It was also pointed out that complaints may be amended "as of course" if filed before a responsive pleading is served, F.R.Civ.P. 15(a) (this is limited to one amended pleading; more than that requires consent or leave of court).

On April 20, 1977, ISO filed a First Amended Complaint, adding as defendants

Suzuki Metal Ind. Co. Ltd. (Suzuki), Tokiko Mfg. Co. (Tokiko), Furukawa Electric Co., Ltd. (Furukawa), and Sumitomo Electric Co. (Sumitomo). All that is added about these defendants in the First Amended Complaint (other than naming them in the caption) is that they are "alleged infringers of Japanese patent rights" of ISO. Both the original and the First Amended Complaint had named Suzuki as a potential additional licensee of ERDA.

The returns on the summons indicate that Sumitomo was served at 345 Park Avenue, New York, N.Y., on the president of a company known as Sumitomo Electric USA Inc. Suzuki, Tokiko and Furukawa were served by mail by the clerk, return receipt requested, addressed to them at addresses in Tokyo. Presumably, the mail service was made under F.R.Civ.P. 4(i)(1)(D) and the return receipts are on file with the clerk.

Furukawa returned the summons to the clerk with a letter stating that:

"However, since it was not served together with a certified translation and in accordance with the formal procedure as set forth by the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents, TIAS 6638, 20 U.S.T. 361, to which both the United States and Japan are signatories we feel it is our duty to send it back to your office,"

On May 12, 1977, without leave of court, ISO filed a Second Amended Complaint. In this version jurisdiction is asserted under 5 U.S.C. §§ 701 through 706, in combination with 28 U.S.C. § 1331(a). Another change is that par. 9 alleges, that the decision to grant non-exclusive licenses to others, made March 16, 1977, is arbitrary, capricious, unsupported by substantial evidence, and unwarranted by the facts. Otherwise, the Second Amended Complaint does not appear to vary from the earlier versions. The proof of service of the Second Amended Complaint is that it was sent May 10, 1977 by first class mail to the various defendants. The addresses for Suzuki, Tokiko and Furukawa are in Tokyo or Kawasaki City, Japan.

On June 1, 1977, pursuant to stipulation, the court allowed Tokiko (represented by Sommers & Sommers, Esq., of Hackensack, N.J.) additional time to plead or otherwise defend up to and including August 28, 1977.

At the hearing of May 4, 1977, the court continued to express serious doubts about jurisdiction in the light of the references above, and in light of the closely similar situation ruled on in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), esp. at 106–107, 97 S.Ct. p. 985.

In accordance with the status in which the matter was left on May 4, 1977, both sides have submitted supplemental materials. ISO, for example has sent a copy of a letter May 5, 1977 from ERDA, informing that an Invention Licensing Appeal Board has been designated under 10 CFR 781.-52(c), to hear ISO's appeal, and that the conclusion reached by that Appeal Board "shall constitute the final action of ERDA".

ERDA has filed Answer (June 17, 1977) to the Second Amended Complaint, denying the critical allegations going to the merits and jurisdiction and denying standing in ISO, as well as an affidavit of ERDA's Assistant General Counsel for Patents, filed June 8, 1977, stating that ERDA has decided to grant non-exclusive licenses to Suzuki and other qualified applicants; that ISO has appealed from that decision; that an Appeal Board has been designated; that the Appeal Board's decision will constitute ERDA's final action; that pending the Appeal Board decision ERDA will grant no further licenses.

■ ERDA's affidavit renders moot the question whether ISO may apply to any court for an "ancillary injunction" to protect its position pending the administrative review. See *Cosmos etc. v. Gray, etc.*, 112 F. 4 (CA–9, 1901) aff'd 190 U.S. 301, 23 S.Ct. 692, 47 L.Ed. 1064; *Council Bluffs v. Omaha*, 9 F.2d 246 (CA–8, 1925); *Allen v. Milwaukee*, 128 Wis. 678, 106 N.W. 1099 (1906); *Harrington v. Plainview*, 27 Minn. 224, 6 N.W. 777 (1880). There is no "threat" of irreparable injury, and the added defendants, even if not effectively served with process, are at least on notice of ISO's claim.

The ERDA affidavit filed June 8, 1977 says, in substance (though not in *haec verbae* ), that the agency has itself stayed the ruling now under administrative appeal until the appeal is decided. Once that occurs, if the final action be adverse to ISO (or any other party seeking to challenge it), then 5 U.S.C. § 705 will come into play. The first part authorizes ERDA to postpone the effective date of its action pending judicial review. Failing that, if an appeal is filed with the Court of Appeals, the same section evidently authorizes that court to postpone the effective date pending conclusion of its review. This latter part seems to duplicate what is said in 28 U.S.C. § 2342 and the All Writs Act, 28 U.S.C. § 1652, which is probably a condensed version of the Statute of Westminster II (1285), quoted in *Holt v. Ferdon*, 72 F.R.D. 564, at 570 (D-NJ, 1976).

■ If any kind of ancillary injunction may be issued by any court before the ERDA action becomes final, it seems clear that the only court having jurisdiction is the Court of Appeals, not this court. Remember, as noted above, that the complaint seeks no final judgment but only a preliminary injunction. While it purports to reserve the right to request plenary review of ERDA's final action, it cannot have that review here because the Court of Appeals has exclusive jurisdiction.

■ Unlike the judicial structure in New Jersey, where the separate divisions are merely hearing branches for a single Superior Court, *Steiner v. Stein*, 2 N.J. 367, 66 A.2d 719 (1949); *State v. Jones*, 4 N.J. 374, 72 A.2d 872 (1950); *O'Neill v. Vreeland*, 6 N.J. 158, 77 A.2d 899 (1951); *Massari v. Einsiedler*, 6 N.J. 303, 78 A.2d 572 (1951); *Asbestos Fibres v. Martin Laboratories*, 12 N.J. 233, 96 A.2d 395 (1953), in the federal system the district courts and the courts of appeals are separate courts. Proceedings initiated in one which ought to have been in the other must be dismissed for lack of jurisdiction; there is no authority to transfer a cause from one to the other in order to process the matter where jurisdiction, or

authority to hear a cause (which is not the same thing), does exist. Compare, e. g. *N. J. Court Rules* R. 1:13–4 (under which a transfer to the proper court having jurisdiction is mandatory) and R. 4:3–4, with the only federal counterparts found, 28 U.S.C. §§ 1404 and 1406, which deal with transfers in the venue sense, and only with transfer from a district court to the Court of Claims where the latter has exclusive jurisdiction. No authority is found for transfers between district courts and courts of appeal where one or the other lacks jurisdiction.

Beyond that, nothing is found in the federal scheme to grant original jurisdiction to appellate courts to be exercised as may be necessary to the complete determination of any cause on review, as is the case for the Supreme Court of New Jersey and the Superior Court, Appellate Division, under *N.J.Const.* 1947, Art. 6, § 5, par. 3, desirable as such authority may be.

For each and all of the foregoing reasons, the court has come to the conclusion that, if it has jurisdiction, no preliminary injunction is warranted because of the absence of any threat pending ERDA's final action; and also that, if such threat existed, it lacks jurisdiction to entertain the complaint and has no authority to transfer the cause to the U.S. Court of Appeals for the Third Circuit.

On the basis of the foregoing analysis, the court sees no reason or point to further hearings, as contemplated at the close of the May 4 proceedings. In case either party is of another view, entry of any order will be postponed until August 10, 1977, on or before which date a request for further hearing may be made by letter and a date will be set. Absent such request, ERDA shall meanwhile submit an order (a) denying the preliminary injunction and (b) dismissing the complaint for lack of jurisdiction. Both provisions are appealable, 28 U.S.C. §§ 1291 and 1292(a)(1).

Finally, it is noted that ISO's formal motion for preliminary injunction was incorrectly sent to the trial judge and it has since reposed in the chambers files instead of being filed, as it should have been, with the clerk. See, General Rule 8-D of this district. To complete the record, the clerk is directed to file the same.